## A92A0390. BURRIS v. THE STATE.
### (420 SE2d 582)

POPE, Judge.

Defendant David Lee Burris, Jr., was convicted by a jury of one count of aggravated child molestation and two counts of child molestation. He was acquitted of a third count of child molestation. Defendant appeals his convictions and the denial of his motion for new trial.

The victim and her younger brother lived with their natural parents, defendant and Julie Burris, for the first few years of their lives. In July 1988, when the victim was approximately three years old, the couple agreed to let Julie Burris' mother, Tina Van Kleek (the children's maternal grandmother) keep their children for a short period of time so the couple could have some time alone to get their marital and financial problems straightened out. Apparently, Julie Burris, who was only 15 years old when she married the defendant, was having a difficult time being a mother and was not properly caring for the children. A few weeks later when the couple tried to get back their children from their grandmother, Tina Van Kleek filed a deprivation petition and was given temporary legal custody of the children. The dispute between the couple and Tina Van Kleek continued up to and through the date of trial. Tina Van Kleek retained custody of the children throughout, although the couple attempted many times to convince her to return the children to them. The children, however, were allowed to visit their parents and occasionally stayed overnight at their parents' apartment or with defendant's parents (their paternal grandparents).

In April 1990, Tina Van Kleek believed that her granddaughter was exhibiting emotional problems. She contacted Cherokee County DFACS, who examined the child for signs of sexual abuse. The examiner observed no signs of sexual abuse and because the child denied that anyone had touched her, DFACS concluded that the child was experiencing separation anxiety and suggested that the child be allowed to spend longer periods of time with her parents. A few months later in June 1990, Tina Van Kleek brought home a book for children describing "good touching and bad touching." After her grandmother read the book to her, the child accused defendant's brother Lenny Burris (her paternal uncle) of "bad touching" her. Tina Van Kleek reported this incident to Gwinnett County DFACS, and the child was

questioned by a Gwinnett County child abuse investigator. At that time, the child also accused David Williams, her mother's brother-in-law (i.e. her uncle by virtue of his marriage to Julie Burris' sister Kathy Williams) of "bad touching" her. The next day, however, Tina Van Kleek reported to the investigator that the child had recanted her accusation as to David Williams. The grandmother said that the child had lied because she thought her grandmother was going to make her go live with her Aunt Kathy. By accusing her Uncle David of "bad touching" her, she knew she would not be allowed to live with her aunt and uncle and, thus, not be forced to leave her grandmother. Eventually, although it is not clear from the record when, the victim also accused her father of "bad touching" her.

The victim was examined by a pediatrician specializing in child abuse who testified at trial that the child's vaginal area was completely normal, but in his opinion, the victim had been sodomized anally. He could not give an opinion as to how often she had been molested or when the molestation occurred. He also testified that anal molestation was hard to detect unless a child was examined while on her stomach. In his opinion, the victim may very well have been molested prior to April 1990 when she was examined by Cherokee County DFACS, but the sexual abuse was not detected because the physician may have only examined the child's vaginal area while she was lying on her back. The witness was also asked as to whether the condition of the child's anus could have been caused by chronic constipation, a problem that the child allegedly suffered from when she was younger. The physician testified it was his opinion that chronic constipation would not have caused these conditions.

A child psychologist who treated the victim testified at trial that the child displayed many of the symptoms of child sexual abuse accommodation syndrome. The witness also testified that the victim told her that her father had put his penis in the child's anus.

Defendant's defense at trial was that if the child had in fact been abused (defendant contended that the condition of the anus might have been caused by chronic constipation), then the guilty party was someone else who may have had access to the child while she was in the care of Tina Van Kleek. Defendant wanted to introduce evidence that two persons who resided in Tina Van Kleek's home at the same time as the victim were known child abusers and may have been the individuals who had molested the child. The trial court, however, granted the State's motion in limine excluding this evidence from trial. Defendant also claimed that the victim's identification of her father as a "bad toucher" was unreliable because the child had lied about her Uncle David and had not initially named her father as a "bad toucher." Finally, defendant claimed that the child's accusations against defendant were "coached" by Tina Van Kleek, who had al-

ways disapproved of her daughter's marriage to defendant and was accusing the defendant of his daughter's molestation so that she would not lose legal custody of her grandchildren to the couple. Defendant presented evidence showing the child's emotional dependency on her grandmother in support of this defense.

1. Defendant first claims the trial court erred by allowing the State to introduce similar transaction evidence consisting of testimony by Cindy Sexton, Julie Burris' former sister-in-law (i.e. Julie Burris' brother's ex-wife), that Julie Burris had told her that the parents had once had intercourse while the victim was in their bed and afterwards allowed the child to touch the defendant's penis; that the witness had once been in the couple's house when certain sexual devices were delivered by UPS; and, that there were numerous sexually-explicit magazines and sexual devices in the couple's home. Julie Burris denied most of these allegations and testified that she and the witness were no longer friendly because the witness had "made a move" on the defendant.

Defendant claims the admitted similar transaction evidence was neither criminal, nor was it similar to the crime charged. This court, however, has consistently held in child molestation cases that " 'magazines showing natural and unnatural sex acts and other apparent sexual devices and paraphernalia designed for (sexual) stimulation' can have a tendency to show a bent of mind toward similar sexual activity. [Cits.]" *Tyler v. State,* 176 Ga. App. 96, 99 (1) (335 SE2d 691) (1985). This testimony is admissible to show bent of mind and lustful disposition of the defendant, even if the content of the material does not relate to children. *Stamey v. State,* 194 Ga. App. 305 (2) (390 SE2d 409) (1990). Moreover, this holding has been extended to permit not only the admission of such material into evidence, but to also allow oral testimony to show that the defendant had once possessed these items. *Holman v. State,* 202 Ga. App. 57 (2) (413 SE2d 234) (1991). " 'Possession of such . . . item(s) does have a tendency to show bent of mind toward sexual conduct (Cits.)' [Cits.], particularly where the evidence shows he was in possession of the material when the crimes were committed. [Cits.] It would be illogical to say that such sexually depictive and explicit material has no relevance to the lustful disposition of the defendant in these kinds of cases, or that they say nothing about his state of mind, as to inclination towards and preoccupation with such matters. If there is any question about it, ' "(i)t is . . . a well established rule of law that . . . the rules of evidence require that the evidence be admitted and its weight and effect left to the jury." ' [Cit.]" *Stamey v. State,* supra at 307-308. Accordingly, the trial court did not err in allowing the similar transaction testimony into evidence.

2. Defendant also enumerates as error the trial court's refusal to

allow Julie Burris and her brother, James Evans, to testify that they were molested as children by Tina Van Kleek's younger brother David Everette (Julie Burris' maternal uncle), that David Everette had tried to rape Julie Burris three years earlier when she was staying at Tina Van Kleek's home, and that David Everette had stayed at Tina Van Kleek's home during the period of time that the victim lived with her grandmother. Defendant also enumerates as error the trial court's refusal to allow defendant's father, David Lee Burris, Sr. (the victim's paternal grandfather), to testify that during one of the victim's visits to his home, he noticed bruises on the child's arm and shoulders. When he asked the child why she was crying, she said she did not want to return to Tina Van Kleek's home because she was afraid of Bruce Van Kleek, Tina Van Kleek's husband (Julie Burris' stepfather). She further explained that "Poppa Bruce" hits her when she showers with him. Defendant made an offer of proof of this testimony at trial outside the presence of the jury.

Relying on *Henderson v. State*, 255 Ga. 687 (1) (341 SE2d 439) (1986), defendant claims the trial court erred in not allowing these witnesses to testify in support of his defense of misidentification (i.e., that a person other than defendant had abused the victim). We first address the testimony regarding David Everette's alleged abuse of Julie Burris and her brother. This court has previously held under similar circumstances that absent a showing that the third party may have actually abused *this* victim, this kind of testimony is not relevant. *Sales v. State*, 199 Ga. App. 791, 792 (2) (406 SE2d 131) (1991). Because the victim in this case never named David Everette as a "bad toucher" and defendant failed to offer any other evidence which would have supported his position that the victim was sexually molested or abused by David Everette, the trial court properly excluded this evidence.

Defendant's enumeration of error relating to Bruce Van Kleek's alleged abuse of the victim must be examined in a different manner because defendant was able to offer evidence supporting his contention that the victim may have been abused by Bruce Van Kleek. Cf. *Sales v. State*, supra. Therefore, we must determine whether the trial court's refusal to allow into evidence testimony about the child's accusation against Bruce Van Kleek was correct for any other reason. "Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than [the] accused, is inadmissible. [Cits.]" *Stancil v. State*, 196 Ga. App. 530 (1) (396 SE2d 299) (1990). Moreover, "evidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex. [Cit.]" *Hall v. State*, 196 Ga. App. 523, 525 (2) (396 SE2d 271) (1990). In *Hall*, however, this

court held that although evidence of prior molestations may not be admissible for either of these purposes, such evidence may be admissible to "establish other possible causes for the behavioral symptoms exhibited by the child, which were described as typical of child sexual abuse accommodation syndrome, and to explain the medical testimony regarding her injuries. The fact that evidence may be inadmissible for one purpose does not warrant its exclusion when it is relevant and admissible for another purpose." (Citations and punctuation omitted.) Id. at 525. In the case sub judice, defendant did not seek to introduce evidence about the victim's accusation against Bruce Van Kleek for the purpose of showing the child's nonchastity or preoccupation with sex, but rather to explain the medical testimony indicating that the victim had been sodomized and to support his claim that someone other than defendant was the guilty party. In light of the fact that there was some evidence in this case that the victim may have had a strong motive to fabricate her accusation against defendant (i.e., so that she could stay with her grandmother), that the victim had first falsely accused one of her uncles of "bad touching" her so that she would not be forced to leave her grandmother, and that the victim did not initially accuse defendant of molesting her, we cannot say that the exclusion of the evidence showing that the victim had accused Bruce Van Kleek of abusing her during this same time period was harmless error. "Evidence enough to raise a reasonable doubt of defendant's guilt in the mind of a juror, not evidence sufficient to convict [Bruce Van Kleek], would be adequate to change the outcome of this case. Both the rules of evidence and fairness lead to the result that defendant should be allowed to prove, if he can, that [the victim had also accused Bruce Van Kleek of abusing her] so that defendant's [defense] stands in a more believable light." *Henderson v. State*, supra at 689. Thus, the testimony concerning the victim's accusation about Bruce Van Kleek was relevant in this case, and the trial court's grant of the State's motion in limine excluding such evidence was reversible error. See *Walker v. State*, 260 Ga. 737 (1) (399 SE2d 199) (1991); cf. *Stancil v. State*, supra, where evidence of a prior molestation was not being offered for a limited purpose.

3. Prior to trial, defendant requested the trial court to charge the jury on circumstantial evidence by instructing them that "if the facts and evidence in this case and all reasonable deductions therefrom present two theories, one of guilt and the other consistent with innocence, of the crime charged in the indictment, the justice and humanity of the law compels the acceptance of the theory which is consistent with innocence. . . ." Relying on *Robinson v. State*, 261 Ga. 698 (410 SE2d 116) (1991), defendant alleges the trial court erred by failing to give the requested charge. We disagree.

In *Robinson v. State*, the Supreme Court held that "where the

[S]tate's case depends, in whole or in part, on circumstantial evidence, a charge on the law of circumstantial evidence must be given on request." Id. at 699-700. Because the State's case against defendant in this case did depend in part on circumstantial evidence, we agree that the trial court was required to charge the jury on circumstantial evidence. However, contrary to defendant's assertion, the transcript reveals that the trial court did properly charge the jury on circumstantial evidence and the language it employed was substantially similar to that in OCGA § 24-4-6. Thus, there is no doubt that the requirements of *Robinson v. State* have been met in this case.

Moreover, the equal theories charge requested by defendant was taken from *Davis v. State*, 13 Ga. App. 142 (1) (78 SE 866) (1913), and "has been criticized from the date it was written." *Booker v. State*, 156 Ga. App. 40, 42 (4) (274 SE2d 84) (1980), rev'd on other grounds, *Booker v. State*, 247 Ga. 74 (274 SE2d 334) (1981). " '[T]he failure to give requested instructions in the exact language requested, where the charge given substantially covers the same principles, is no longer a ground for new trial. (Cits.) The trial judge gave ample instructions on [circumstantial evidence], on the presumption of innocence and the necessity of proving the defendant's guilt beyond a reasonable doubt, and it was not error to fail to charge in the exact language requested.' [Cits.]" Id. at 42. See also *Gabbidon v. State*, 184 Ga. App. 475 (3) (361 SE2d 861) (1987). Thus, this enumeration of error is without merit.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 24, 1992 —
RECONSIDERATION DENIED JULY 7, 1992.

*Ronnie K. Batchelor*, for appellant.
*Thomas C. Lawler III*, District Attorney, *Debra K. Turner*, Assistant District Attorney, for appellee.