## A92A1652. MARION v. THE STATE.
### (424 SE2d 838)

POPE, Judge.

Defendant Anthony Tyrone Marion was convicted by a jury of two counts of child molestation. He appeals following the denial of his motion for new trial.

1. The record shows that at the commencement of the trial of this case the State made a motion in limine to preclude the introduction of evidence, "either through questions of the witnesses or through defendant's own testimony" concerning the fact that the victim had been molested by her father. During the argument on the motion in limine it was revealed that the victim had last been molested by her father in August 1990; the molestation by the defendant allegedly occurred in December 1990. The trial court, over the objection of the defendant, granted the State's motion. The defendant argues that the effect of the grant of the motion in limine was to deny him his constitutional and statutory rights to confront and cross-examine the witnesses offered against him at trial. Specifically, defendant contends that he should have been allowed to cross-examine an expert witness for the State who gave certain testimony about the child sexual abuse accommodation syndrome. We agree and reverse.

" 'Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than (the) accused, is inadmissible. (Cits.)' *Stancil v. State*, 196 Ga. App. 530 (1) (396 SE2d 299) (1990). Moreover, 'evidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex. (Cit.)' *Hall v. State*, 196 Ga. App. 523, 525 (2) (396 SE2d 271) (1990)." *Burris v. State*, 204 Ga. App. 806, 809-810 (420 SE2d 582) (1992). However, this court also has held that when evidence of the child abuse accommodation syndrome is introduced at trial, evidence that the victim has been molested by someone other than the accused may be admissible to establish other possible causes for the behavioral symptoms exhibited by the child. *Hall v. State*, 196 Ga. App. 523 (2) (396 SE2d 271) (1990); *Jimmerson v. State*, 190 Ga. App. 759 (380 SE2d 65) (1989); see also *Burris v. State*, 204 Ga. App. at 809-810 (2).

The State seeks to distinguish the case at bar, however, on the basis that the witness in this case never testified that the victim "suffered from" the child abuse accommodation syndrome.[1] Regarding

---

[1] The State also argues in a footnote that the defendant failed to make a proffer of the evidence outside the presence of the jury as was done in *Jimmerson*, 190 Ga. App. at 760 (1). However, we reject any suggestion that defendant has waived his right to pursue the argument he now makes to this court. Pursuant to the ruling of the trial court on the motion in

this issue the record shows the defendant elicited questions from the witness about her familiarity and qualifications to testify about the syndrome, that the *first* question the State asked the witness following her qualification as an expert was to explain to the jury the syndrome and how she used the syndrome in her work, that in response to the State's question the witness listed the five elements or indicators of the syndrome, that on several occasions the State requested that the witness evaluate certain behaviors of the victim "using the child abuse accommodation syndrome and the factors that you used" and that the witness also referred to certain behaviors of the victim in the context of the syndrome. The State clearly sought to inform the jury about the child abuse accommodation syndrome in this case, and elicited testimony from the witness about how the victim's behavior was consistent with the elements of the syndrome.

"Testimony regarding the syndrome and all the child's symptoms . . . having been properly admitted, the evidence regarding other possible causes of her behavior and injuries was necessary to prevent the jury from reaching the unwarranted conclusion that the only possible explanation for the . . . existence of behavior consistent with the child sexual abuse accommodation syndrome was that the victim had been molested by [defendant]. Moreover, a jury's awareness that the victim had been molested previously could affect its judgment of the victim's credibility, as the credibility of a young child's report of an improper touching must necessarily be greater if the child has had no occasion to learn about such behavior from prior incidents.

"In light of . . . the fact that the evidence supporting the jury's conviction of [defendant] [though clearly sufficient] was not overwhelming, but was largely dependent on the testimony of the victim (and that of others as to what she told them), the exclusion of this evidence was not harmless, as we cannot say that it is ' "highly probable that the error did not contribute to the judgment." ' *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). Accordingly, [defendant] must be afforded a new trial." *Hall v. State*, 196 Ga. App. at 525-526. *Jimmerson v. State*, 190 Ga. App. at 761 (1).

2. Defendant also contends that the trial court improperly intimated an opinion as to the evidence adduced at trial, in violation of OCGA § 17-8-57. Considering defendant's arguments in support of

---

limine that defendant was prohibited from eliciting testimony concerning the prior molestation, and the State requested the court during trial to reiterate to defense counsel that he was prohibited from asking any question to any witness about the prior incident. The defendant sought permission to perfect the record concerning the prior molestation evidence during the testimony of the victim but the court refused defendant's request. Finally, defendant made a motion for mistrial at the close of the case based on "misidentification in the sense that because of the child's . . . prior history of molestation, that she may have been transferring her traumas onto the defendant. . . ."

161

this enumeration in reverse order, our review of the transcript shows that the trial court charged the jury they should acquit the defendant if they had a reasonable doubt as to his guilt, and that such charge immediately preceded the language defendant now complains of concerning the jury's duty to convict. Taken in context, and considering the charge as a whole, we find no error.

Lastly, we find it unlikely that upon retrial the court will repeat an allegedly improper statement made to the jury during the course of a discussion concerning certain evidence and thus find it unnecessary to address defendant's remaining argument to this court.

*Judgment reversed. Carley, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 3, 1992.

*Brian Steel*, for appellant.

*Lewis R. Slaton, District Attorney, Nancy A. Grace, Suzanne Wynn, Assistant District Attorneys*, for appellee.