A94A0639. CHAMBERS v. THE STATE.
(444 SE2d 833)

COOPER, Judge.

This is the second appearance of this case before this court. Defendant was first convicted of one count of incest and one count of child molestation, the victim in each count being his natural daughter. That conviction was reversed by this court in *Chambers v. State*, 205 Ga. App. 78 (421 SE2d 326) (1992). On August 27, 1992, a second trial was held, and defendant was again convicted of incest and child molestation. Defendant appeals his convictions and the trial court's

denial of his motion for new trial.

1. In his first enumeration of error, defendant argues the trial court erred by refusing to allow defendant to introduce the testimony of several witnesses who would have testified that the victim had accused several people other than the defendant of having sexual intercourse with her.

(a) During the trial of this case, a videotaped interview of the victim was admitted into evidence during which the victim admitted having made a false accusation regarding sexual activity she had with a boy, which she subsequently retracted. Prior to the introduction of the videotape evidence, defendant sought to introduce the testimony of four witnesses who would have testified that the victim had made identical false allegations to them regarding the same sexual activity she allegedly had with the same boy. This testimony was essentially a duplication of the victim's videotaped admission that was already before the jury. Defendant is correct in acknowledging that this issue has already been decided adversely to him in *Chambers v. State*, supra. In *Chambers*, we held that the requirements of *Smith v. State*, 259 Ga. 135 (1) (377 SE2d 158) (1989) were satisfied by the admitted videotape interview of the victim containing her prior accusation and retraction and that *Smith* did not require the admission of the very same duplicate testimony sought to be admitted by defendant in this case. *Chambers v. State*, supra at 79. Accordingly, the trial court's refusal to allow these four witnesses to testify was not error.

(b) Defendant also sought to introduce the testimony of two children whose mother was a friend of the victim's stepmother. These children testified outside the presence of the jury that the victim told them that she had sex with her natural mother's boyfriend and with one or two other boys in the trailer park where she lived. (These boys are different than the boy discussed in Division 1 (a) of this opinion.) These conversations allegedly took place during the same period of time that the victim claimed defendant was sexually molesting her. Defendant contends the trial court erred in not allowing these two witnesses to testify at trial, raising two different arguments.

The testimony of these two witnesses was not admissible for the purpose of showing a false allegation under *Smith v. State*, supra, as argued by defendant, because there was no showing by defendant or determination by the trial court that the victim's accusations against her mother's boyfriend and the two boys in the trailer park were false. To the contrary, both witnesses claimed they fully believed the victim when she told them she had sex with these other persons. Thus there was no evidence to support a reasonable probability of falsity as required by *Smith*, and the trial court properly excluded this evidence on this ground. See generally *Postell v. State*, 200 Ga. App. 208 (4a) (407 SE2d 412) (1991), rev'd on other grounds, 261 Ga. 842 (412

SE2d 831) (1992).

Defendant further contends that this testimony should have been admitted to show that the victim may have had sexual intercourse with persons other than defendant. "Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than the accused, is inadmissible. Moreover, evidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex." (Citations and punctuation omitted.) *Marion v. State*, 206 Ga. App. 159 (1) (424 SE2d 838) (1992). However, this court also has held that where the State introduces medical testimony indicating that the child has been sexually abused or evidence of child abuse accommodation syndrome and connects the child's behavior to that syndrome, evidence that the victim may have been molested by someone other than the accused may be admissible to establish other possible causes for the behavioral and medical symptoms exhibited by the child. *Burris v. State*, 204 Ga. App. 806 (2) (420 SE2d 582) (1992).

During the trial of this case, the State called an expert witness who, on direct examination, was questioned about the victim's medical examination and testified that the victim had been sexually active more than once. Two other witnesses called by the State testified that the victim had many of the common characteristics of a sexually abused child. "Testimony regarding the [child sexual abuse accommodation] syndrome and all the child's symptoms . . . having been properly admitted, the evidence regarding other possible causes of her behavior and [symptoms] was necessary to prevent the jury from reaching the unwarranted conclusion that the only possible explanation for the medical findings and the existence of behavior consistent with the child sexual abuse accommodation syndrome was that the victim had been molested by [defendant]. Moreover, a jury's awareness that the victim had been molested previously could affect its judgment of the victim's credibility, as the credibility of a young child's report of an improper touching must necessarily be greater if the child has had no occasion to learn about such behavior from prior incidents." *Hall v. State*, 196 Ga. App. 523, 525 (2) (396 SE2d 271) (1990). Defendant did not seek to introduce evidence about the victim's accusations against these other persons to show the child's nonchastity or preoccupation with sex but rather to support his defense that the victim was molested by someone other than defendant. "In light of the fact that the evidence supporting the jury's conviction of defendant though clearly sufficient was not overwhelming, but was largely dependent on the testimony of the victim and that of others as to what she told them, the exclusion of this evidence was not harmless, as we cannot say that it is highly probable that the error did not

contribute to the judgment. Accordingly, defendant must be afforded a new trial." (Citations and punctuation omitted.) *Marion v. State*, supra at 160.

Although the State argues on appeal that defendant failed to raise this theory of admissibility at trial, we find that defense counsel's numerous attempts throughout trial to convince the trial court to allow this witness' testimony into evidence sufficiently touched upon the issues and arguments now raised by defendant on appeal. We also note, but do not decide, that this testimony may also have been admissible to impeach the victim's statement made to an investigator that she had never had sexual relations with anyone other than defendant, as argued by defendant at trial. See generally *Villafranco v. State*, 252 Ga. 188 (2) (313 SE2d 469) (1984); *Jimmerson v. State*, 190 Ga. App. 759 (1) (380 SE2d 65) (1989). Accordingly, defendant must be afforded a new trial.

2. Defendant also argues the trial court erred by failing to allow the jury to hear evidence about several dreams of a sexual nature which the victim relayed to her treating psychologist and several other lay witnesses. Defendant contends that the jury had the right to hear about these dreams because they showed that the victim was very confused about sexual issues and could have easily fantasized or falsely sexualized her relationship with her father. The trial court sustained the State's objection to the introduction of this testimony on relevancy grounds because the psychologist who was to testify could not state that there was any connection between the victim's dreams and the charges against defendant. "[T]he admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." *O'Neal v. State*, 254 Ga. 1, 3 (2) (325 SE2d 759) (1985). Since the defendant was unable to show a connection between the victim's dreams and the alleged acts committed by defendant, we conclude that the trial court did not abuse its discretion in refusing to admit this testimony.

3. We need not address defendant's remaining enumeration for we find it unlikely that the same alleged error will reoccur upon retrial.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 24, 1994.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, C. Stephen Cox, Fred R. Simpson, Assistant District Attorneys*, for appellee.