A96A2403. McGARITY v. THE STATE.
(480 SE2d 319)

BLACKBURN, Judge.

Ronald Leon McGarity appeals his conviction for child molestation. He was found guilty of molesting two different children. McGarity argues that the trial court improperly excluded evidence of one victim's previous exposure to and preoccupation with sexual activity, and he asserts that the evidence was insufficient to support the verdict for the molestation of the other victim.

The record reflects that one victim, an eight-year-old girl, claimed McGarity molested her on numerous occasions when she visited her great-grandmother's home, where McGarity resided. She testified that she would occasionally sit on McGarity's lap while they played on his computer. During these computer sessions, McGarity would put his hand inside her panties and rub her genitalia. She testified that this rubbing was painful and left the area raw. She also said that McGarity told her not to tell anyone of these incidents or she would get into trouble. This victim described other incidents where McGarity exposed his penis and made her touch it, fondled her as she sat on his lap at the dinner table, and made her watch a "sex movie" in his bedroom.

Subsequent to these incidents, McGarity rented a room in a private home. The second victim, an 11-year-old child who lived in the house with her mother, testified that one evening when she went to

give McGarity a good-night hug, he pinched her on the breast. The child said she jumped back and told McGarity not to touch her chest. From a short distance, the child's mother witnessed her daughter flinch from McGarity's touch and saw the child make a statement to him. Immediately thereafter, outside of McGarity's presence, the mother asked the daughter what McGarity had done and the child illustrated by pinching her mother's breast. Upon examining the child, the mother discovered a red mark on one of the child's breasts. McGarity asserted that he merely caught the girl after she tripped. The child also testified that McGarity had previously tried to make her watch "nasty movies." McGarity denied both molestations, but admitted owning "adult" videotapes. However, he denied showing them to either victim.

1. With regard to the eight-year-old victim, McGarity's counsel attempted to introduce evidence of the child's prior sexual activities. Particularly, he proffered evidence that at the age of four or five, while bathing, the victim was caught inserting her finger into the vagina of her cousin who was the same age, and that she was found "hunching" over the same cousin in bed approximately one year later. Further, McGarity proffered evidence that the child had told her mother that she had been taught how to "french kiss" by her mother's boyfriend, and that the child was generally preoccupied with sex. McGarity sought to introduce the proffered evidence to show that the child had knowledge of sexual matters, in order to counter any belief by the jury that a child of that age would not know of such matters unless she had in fact been molested by the defendant.

The proffered evidence was excluded by the trial court pursuant to the rape shield statute, OCGA § 24-2-3, which generally prohibits the introduction of "evidence relating to the past sexual behavior of the complaining witness." McGarity argues that the proffered evidence of the child's sexual preoccupation was erroneously excluded, because it would contribute materially to the issue of guilt or innocence of the accused. McGarity makes this contention because the proffered evidence was offered in connection with testimony of other witnesses that they would not believe the child under oath.

McGarity argues the exclusion of this evidence was error. The trial court correctly found that the rape shield statute is applicable in child molestation cases. See *Flowers v. State*, 220 Ga. App. 814, 816-817 (5) (468 SE2d 199) (1996). "Generally, in a child molestation case evidence as to the victim's reputation for nonchastity is not admissible. Nor may evidence be admitted to discredit the victim by showing her preoccupation with sex." (Citation omitted.) *Vargas v. State*, 184 Ga. App. 650 (1) (362 SE2d 461) (1987); see also *Woods v. State*, 187 Ga. App. 105 (1) (369 SE2d 353) (1988). "Absent a showing of relevance, evidence of a child's past sexual history, including acts com-

mitted by persons other than the accused, is inadmissible." (Citations and punctuation omitted.) *Marion v. State*, 206 Ga. App. 159 (1) (424 SE2d 838) (1992). "[I]n sexual crimes where consent is not a defense, evidence of prior sexual conduct is not material to the issues." *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987).

The evidence proffered by McGarity was clearly inadmissible under OCGA § 24-2-3 and the cases cited above. Although an exception to the exclusion of evidence regarding a child's sexual past exists when evidence of the "child abuse syndrome" is introduced, the State put forth no evidence of this syndrome. See *Marion*, supra; see also *Hall v. State*, 196 Ga. App. 523, 524 (2) (396 SE2d 271) (1990). Nor did the State ever argue at trial that the child's testimony must be credible because she could not have learned about sexual matters other than through molestation by the defendant. It was not error for the trial court to exclude the proffered testimony.

2. With regard to the 11-year-old child, McGarity asserts that the evidence was insufficient to support his conviction for child molestation. He contends that the evidence of the pinching encounter with this victim, which occurred in the presence of the mother, does not support a finding that he had the intent to satisfy the sexual desires of either the victim or himself as required by OCGA § 16-6-4 (a).

"Whether the requisite intent [for child molestation] existed was a question of fact, to be determined by the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive." (Citations and punctuation omitted.) *Foster v. State*, 216 Ga. App. 26 (1) (453 SE2d 482) (1995). Also, "in child molestation cases evidence of other similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant." (Citations and punctuation omitted.) *Jordan v. State*, 172 Ga. App. 496, 501 (9) (323 SE2d 657) (1984). Thus, in considering whether McGarity had the requisite intent to molest the second victim, the jury was authorized to consider incidents concerning the first victim. The jury was also entitled to draw conclusions regarding McGarity's intent from his display and possession of pornographic materials. See *Burris v. State*, 204 Ga. App. 806, 808 (1) (420 SE2d 582) (1992). Accordingly, the evidence was sufficient to support an inference that McGarity touched the second victim with the requisite intent and was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that McGarity was guilty of child molestation. See *Foster*, supra; see also *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED JANUARY 21, 1997.

*James E. Millsaps, L. Stanford Cox III*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.