## A02A0029. FLOWERS v. THE STATE.
### (566 SE2d 339)

ANDREWS, Presiding Judge.

Joe Flowers appeals from the judgment entered after a bench trial in which he was found guilty of two counts of child molestation. After reviewing the evidence, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to support the verdict, was as follows. The victim in this case, A. A., was an 11-year-old girl who lived near the Flowerses, spent a lot of time with Flowers's family and often babysat for his children. The victim's mother testified that during the period in question the victim would usually spend weekends at the Flowerses' home. Just after the vic-

---

[15] See OCGA § 5-6-6; Court of Appeals Rule 15.

tim's twelfth birthday, her mother became suspicious when she found out that A. A. had not gone to school that day. She found her with Joe Flowers in his brother's trailer and took her home and questioned her about her relationship with Flowers. A. A. finally admitted that she and Flowers had sexual intercourse.

A. A.'s school counselor testified that she talked to A. A. and she admitted to being sexually active but would only state that it was with someone for whom she babysat. A Georgia Bureau of Investigation investigator testified that A. A. described one act of intercourse with Flowers that occurred when she was over at his house. The investigator said that in a second interview with A. A., she described three separate acts of sexual intercourse.

The victim took the stand and testified about her three sexual encounters with Flowers. The victim's cousin testified that she and A. A. were alone together and A. A. started crying and described to her three sexual encounters with Flowers. The evidence was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In his first enumeration of error, Flowers claims the trial court erred in allowing the victim to remain in the courtroom in violation of the rule of sequestration. At the beginning of trial, prosecuting counsel requested that A. A., who was 14 at the time of trial, remain in the courtroom and assist him during the trial. Counsel told the court that this was a special presentment case and there was no official prosecutor. The victim was the sixth of eleven State's witnesses to testify.

Under OCGA § 24-9-61.1 (a),

[t]he victim of a criminal offense may be entitled to be present in any court exercising jurisdiction over such offense. It shall be within the sole discretion of the judge to implement the provisions of this Code section and determine when to allow such victim to be present in such court and, if such victim is permitted to be present, to determine the order in which the testimony of such victim shall be given.

Accordingly, it was within the trial court's sole discretion to make this determination, and no manifest abuse of this discretion has been shown. There was no error. *Shepherd v. State*, 245 Ga. App. 386, 388 (537 SE2d 777) (2000).

2. Next, Flowers argues the court erred in not allowing defense counsel to question the investigator about the victim's prior sexual activity. Flowers contends the evidence was relevant to whether the victim's description of the sexual incidents was credible. We disagree. OCGA § 24-2-3, the rape shield statute, prohibits the introduction of

evidence of the past sexual behavior of the complaining witness in rape cases. This rape shield statute is also applicable in child molestation cases. *McGarity v. State*, 224 Ga. App. 302, 303 (480 SE2d 319) (1997). There is an exception to this exclusion of evidence when the State introduces evidence of the "child abuse syndrome." Id. at 304 (1). But, the State did not do so in this case; nor does this case present any other facts which would except it from the rape shield statute. There was no error.

3. Lastly, Flowers contends the trial court erred in allowing hearsay testimony about statements made by the victim to her mother, the school counselor, and the nurse practitioner who examined the victim. In each instance, the trial court overruled defense counsel's objection, stating that the testimony was admissible under the child hearsay statute. Flowers claims this was error because there is no evidence in the record to support a finding that the circumstances of the statements provide sufficient indicia of reliability.

OCGA § 24-3-16 provides:

> A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability.

It is not necessary for the court to make a specific finding that the statements provide sufficient indicia of reliability as a condition precedent to admitting the statement. The statutory requirement is met if, after both parties have rested, the record contains evidence which would support such a finding. *Gregg v. State*, 201 Ga. App. 238, 239 (411 SE2d 65) (1991).

> The factors which the court may consider, when applicable, include but are not limited to the following: (1) the atmosphere and circumstances under which the statement was made (including the time, the place, and the people present thereat); (2) the spontaneity of the child's statement to the persons present; (3) the child's age; (4) the child's general demeanor; (5) the child's condition (physical or emotional); (6) the presence or absence of threats or promise of benefits; (7) the presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of

any coaching by parents or other third parties before or at the time of the child's statement, and the type of coaching and circumstances surrounding the same[,] and, the nature of the child's statement and type of language used therein; and (10) the consistency between repeated out-of-court statements by the child.

(Emphasis omitted.) *Gregg*, supra at 240 (3) (b).

Flowers argues that there was no evidence that the statements were spontaneous and points out two inconsistencies in the victim's statements, namely, that she gave differing answers when asked how many times Flowers had molested her and described the incidents in a different order in two different statements. This is not sufficient to show that the trial court abused its discretion in admitting the statements. Moreover, the victim was present at trial and called to testify as a witness. Therefore, defense counsel had the opportunity to cross-examine the child and allow the judge to observe the child's demeanor in response to questions about the making and veracity of these statements. *Gregg*, supra at 241. See also *Fields v. State*, 194 Ga. App. 149, 151 (390 SE2d 71) (1990) (because child was found competent to testify at trial and was available to testify at trial, court did not err in allowing hearsay testimony about the victim's account of the alleged abuses).

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 23, 2002 —
RECONSIDERATION DENIED JUNE 7, 2002.

*Hugh J. McCullough*, for appellant.
*J. Thomas Durden, Jr., District Attorney, Henry P. Smith, Assistant District Attorney*, for appellee.