A06A0871. SEGURA v. THE STATE.
(634 SE2d 858)

MIKELL, Judge.
In 1998, Esteban Vega Segura was convicted of two counts of aggravated sexual battery and five counts of child molestation. He was sentenced to six terms of twenty years, to be served concurrently, plus one term of five years, to be served consecutively, for a total of twenty-five years in prison. Defense counsel timely filed a motion for new trial but then withdrew as attorney of record effective October 7, 1999. No action was taken on the motion for new trial. On September 25, 2003, Segura filed a pro se motion for an out-of-time appeal. The motion was denied on October 20, 2003. One year later, Segura filed an amended motion for a new trial, requesting an evidentiary hearing and the appointment of counsel. On November 3, 2004, the trial court issued an order denying defendant's "out-of-time Motion for New Trial and for other relief." On December 8, 2004, Segura filed a "Motion to Vacate Void Order," asserting that the court's order was void because it ruled on a nonexistent motion instead of his timely

---

filed motion for new trial and amended motion for new trial. The trial court denied this motion as well, and Segura filed an application for a discretionary appeal. We granted the application, and Segura filed the instant appeal.

1. It is the duty of this Court in all instances to inquire into our jurisdiction.[1] If the trial court's order of November 3, 2004, is characterized as a denial of Segura's amended motion for new trial, then Segura was required to file a notice of appeal within 30 days thereafter.[2] A motion to vacate an order denying a motion for new trial cannot be distinguished from a motion for reconsideration, which does not extend the time for filing a notice of appeal.[3] Because a timely filed notice of appeal is essential to confer jurisdiction, and Segura did not file a notice of appeal within 30 days after the order denying his motion for a new trial, this appeal is subject to dismissal.[4] However, by order dated January 31, 2005, this Court permitted Segura to file the instant appeal. Thus, "[i]n the interest of finality and to avert a claim of ineffective [assistance of] counsel, we will consider the enumerations as though they were properly before the court."[5]

2. Segura first argues that the trial court erred in admitting his statements into evidence.

> [I]n ruling on the admissibility of an in-custody statement, a trial court must determine whether, based upon the totality of the circumstances, a preponderance of the evidence demonstrates that the statement was made freely and voluntarily. Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to the admissibility of the defendant's statement at a *Jackson v. Denno* hearing will be upheld on appeal.[6]

In the case at bar, the sole witness at the *Jackson v. Denno* hearing, Lieutenant Joe Estenes with the City of Griffin Police Department, testified that on January 16, 1998, Segura came into the office at Estenes' request; that Segura was not under arrest; that after he was read *Miranda* rights, Segura executed a waiver form;

---

[1] See *Miller v. State*, 264 Ga. App. 801, 802 (592 SE2d 450) (2003).

[2] OCGA § 5-6-38 (a).

[3] See *Simmons v. State*, 228 Ga. App. 470 (491 SE2d 908) (1997); *Campbell v. State*, 192 Ga. App. 316 (385 SE2d 14) (1989).

[4] *Simmons*, supra; *Campbell*, supra.

[5] *Gibbs v. State*, 213 Ga. App. 117, 118 (443 SE2d 708) (1994).

[6] (Citation and punctuation omitted.) *Jackson v. State*, 274 Ga. App. 26, 28 (2) (619 SE2d 294) (2005).

and that on the form, Segura stated that he was not threatened, promised anything, or forced in any way to answer questions or to make a statement. According to Estenes, Segura then made an oral statement. Segura said that he did not "do anything" in Spalding County, in the City of Griffin, but that in Haralson, in Coweta County, he touched the two young female victims' breasts and the girls touched his penis. Estenes testified that he did not threaten Segura or make any promises to him. In fact, Estenes released him. The trial court determined that the statement was freely and voluntarily made after appropriate *Miranda* warnings were administered. The trial court's finding that the statement was voluntary and admissible was not clearly erroneous, and the court did not err in admitting it into evidence. Moreover, Segura's contention that, to be admissible into evidence, a custodial statement must be taped, written, or heard by more than one officer, is without merit.[7]

3. Segura next contends that the trial court erred in granting the state's motion in limine to exclude evidence that the victims had been sexually abused by third parties, including evidence that one of the victims was raped by her cousin when she was eleven years old. The court ruled that the evidence was irrelevant because the state did not intend to introduce physical evidence that the victims had been sexually assaulted or that they suffered from post-traumatic stress disorder or child abuse syndrome. "Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than the accused, is inadmissible."[8] However, "when evidence of the child abuse accommodation syndrome is introduced at trial, evidence that the victim has been molested by someone other than the accused may be admissible to establish other possible causes for the behavioral symptoms exhibited by the child."[9]

On appeal, Segura argues that evidence of prior abuse of one of the victims, J. M., was relevant to establish other possible causes for behavioral symptoms exhibited by her, as testified to by a social worker employed in the Child Advocacy Center at Scottish Rite Children's Medical Center. However, contrary to Segura's assertions, the social worker was a fact witness who testified primarily as to the specific acts committed by Segura as relayed to her by both victims. Although the social worker briefly described the victims' demeanor, and testified that J. M. seemed sad, depressed, and failed to make eye

---

[7] See *Jowers v. State*, 245 Ga. App. 773, 775 (5) (538 SE2d 853) (2000).

[8] (Punctuation omitted.) *Chambers v. State*, 213 Ga. App. 284, 286 (1) (b) (444 SE2d 833) (1994), citing *Marion v. State*, 206 Ga. App. 159 (1) (424 SE2d 838) (1992).

[9] (Citation omitted.) *Marion*, supra.

contact, this witness did not testify that such symptoms were consistent with the child abuse accommodation syndrome. Accordingly, the trial court did not err in excluding evidence of prior abuse committed by persons other than Segura on the ground that such evidence was irrelevant.

We note, for the record, that the state's argument that the evidence in question was excluded under the rape shield statute, OCGA § 24-2-3, is incorrect. At the time of Segura's trial, the statute provided in relevant part that "(a) [i]n any prosecution for ... rape ..., evidence relating to the past sexual behavior of the complaining witness shall not be admissible." The statute was interpreted to apply to child molestation cases.[10] However, long after Segura's trial, our Supreme Court held that "the rape shield statute, by its plain terms, applies only to prosecutions for rape," disapproving precedents applying the statute to prosecutions for child molestation.[11] Shortly thereafter, the statute was amended to apply to prosecutions for rape, aggravated sodomy, aggravated child molestation, and aggravated sexual battery.[12] Segura was prosecuted for aggravated sexual battery. However, the amended statute applies prospectively only, to trials commencing on or after July 1, 2005.[13] Therefore, contrary to the state's argument, the evidence at issue was not excludable under the rape shield statute as it existed at the time of Segura's trial.

But the court excluded the evidence as irrelevant, not because its admission contravened the rape shield statute.[14] We do not believe that the Supreme Court in *Abdulkadir v. State*[15] intended to obliterate a trial court's discretion to distinguish relevant from irrelevant evidence and to exclude the latter.[16] It follows that the trial court did not run afoul of *Abdulkadir* when it excluded the evidence at issue.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JULY 26, 2006.

---

[10] *Flowers v. State*, 255 Ga. App. 660, 661-662 (2) (566 SE2d 339) (2002), citing *McGarity v. State*, 224 Ga. App. 302, 303 (1) (480 SE2d 319) (1997).

[11] *Abdulkadir v. State*, 279 Ga. 122, 123 (2) (610 SE2d 50) (2005), disapproving *Flowers,* supra, and *McGarity*, supra. See *Brown v. State*, 275 Ga. App. 281, 288 (4) (620 SE2d 394) (2005).

[12] Ga. L. 2005, p. 20, § 13.1.

[13] Ga. L. 2005, p. 20, § 17.

[14] Compare *McGarity*, supra (trial court excluded evidence pursuant to rape shield statute).

[15] Supra.

[16] See *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421) (1987) ("On the issue of relevance we have held that in sexual crimes where consent is not a defense, evidence of prior sexual conduct is not material to the issues.") (citation omitted).

Ricardo G. Samper, Jerry F. Pittman, for appellant.
Peter J. Skandalakis, District Attorney, Andrea A. Newton, Assistant District Attorney, for appellee.