**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 27, 2013**

# In the Court of Appeals of Georgia

A12A2546. HALL v. THE STATE.

PHIPPS, Presiding Judge.

Steven Hall appeals his convictions for two counts of child molestation, two counts of enticing a child for indecent purposes, statutory rape, and sexual battery, involving two children. Hall contends that his convictions should be reversed because the trial court erred in excluding evidence which showed that one of the children had engaged in sexual intercourse with a man other than Hall approximately thirty minutes before her alleged molestation by Hall. We affirm.

The evidence, viewed in the light most favorable to the verdict,[1] showed that Hall offered two girls under the age of sixteen money for sex. He then engaged in

---

[1] *Hall v. State*, 282 Ga. 294, 297 (3) (647 SE2d 585) (2007) (on appeal, we must view the evidence in the light most favorable to the verdict).

sexual intercourse with and performed oral sex on one of the girls, while in the presence of the other girl. The state's witnesses included the two girls, the mother of one of the girls, a police officer who responded to the scene of the incident, and another police officer who interviewed the girls at a police station. Before the presentation of evidence, the state informed the court that it would not introduce any medical testimony (of injury that could have been attributed to sexual intercourse with the other individual ) and, indeed, at trial, the state presented no testimony from medical experts.

Notwithstanding, Hall contends that, as to the victim against whom he was convicted of statutory rape,[2] the state had elicited what amounted to medical testimony warranting the introduction of evidence that the victim had previously engaged in sexual intercourse with another individual. Hall points to the following colloquy:

Q: (By [prosecutor]) All right. And how has this incident affected you?
A: (No response)
Q: Well, let me ask you this. Are you usually this soft spoken?
A: No, ma'am.
Q: What do you – how are you normally in everyday life?
A: Happy, and feel comfortable to go outside.

---

[2] As to this child, Hall also was convicted of child molestation, enticing a child for indecent purposes, and sexual battery.

2

Q: And how do you feel since this happened?
A: Embarrassed and ashamed, like I'd been taken advantage of.
Q: Have you had to seek counseling?
A: Yes, ma'am.
Q: And, finally, do you see the man that assaulted you that night in the courtroom?
A: Yes, ma'am.
Q: Can you point him out or say what he is wearing?
A: A yellow shirt.
Q: Okay.
[PROSECUTOR]: Let the record reflect that she has identified the defendant.
THE COURT: Okay. It will reflect that. [Defense attorney] do you have further questions?

Defense counsel argued at trial that by this colloquy, the state had opened the door to the introduction of the victim's prior sexual involvement with another individual. But the trial court disagreed and ruled that the introduction of the victim's alleged prior sexual involvement with another individual was not relevant to the case. We agree.

Relevant evidence is that "which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue."[3] "As a general rule, the admission

[3] *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981) (citations and punctuation omitted); *Britt v. State*, 282 Ga. 746, 749 (1) (653 SE2d 713) (2007).

or exclusion of evidence on the grounds of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed without a showing of a clear abuse of that discretion."[4]

> Absent a showing of relevance, evidence of a child's past sexual history, including acts committed by persons other than the accused, is inadmissible. Moreover, evidence of a prior molestation or previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex. However, this court also has held that where the State introduces medical testimony indicating that the child has been sexually abused or evidence of child abuse accommodation syndrome and connects the child's behavior to that syndrome, evidence that the victim may have been molested by someone other than the accused may be admissible to establish other possible causes for the behavioral and medical symptoms exhibited by the child.[5]

The child sexual abuse accommodation syndrome has been described by experts as a "pattern of behavior"[6] which is "used as an aid in determining whether a child has

---

[4] *Holmes v. State*, 275 Ga. 853, 855 (5) (572 SE2d 569) (2002) (citation and punctuation omitted).

[5] *Chambers v. State*, 213 Ga. App. 284, 286 (1) (b) (444 SE2d 833) (1994) (citations and punctuation omitted).

[6] *Hall v. State*, 196 Ga. App. 523, 524 (396 SE2d 271) (1990).

been abused."[7] In *Keri v. State*,[8] an expert trained in psychiatry and psychology testified as to five categories of the child sexual abuse accommodation syndrome.[9]

Here, however, Hall concedes that "in this case no evidence of child abuse accommodation syndrome is presented." Relying on *Hall v. State*,[10] and *Blackwell v. State*,[11] he contends, rather, that as laid out above, the state elicited testimony that the victim received "psychological injuries of embarrassment, shame, and a need for counseling," which could have been related to not just the sexual acts involving Hall, but the "combination of sexual acts during the course of the evening." But *Hall* is distinguishable, and reliance on *Blackwell* is misplaced.

In *Hall*,[12] a pediatrician who had examined an alleged victim of child molestation testified that he found evidence of both an old trauma to the victim's

---

[7] *Keri v. State*, 179 Ga. App. 664, 665 (1) (347 SE2d 236) (1986).

[8] Id.

[9] Id. at 665-666 (1) (the five categories were secrecy, helplessness, entrapment and accommodation, delayed disclosure or conflicting disclosure, and retraction); see *Allison v. State*, 256 Ga. 851, 852 (1) (353 SE2d 805) (1987).

[10] Supra, 196 Ga. App. 523.

[11] 229 Ga. App. 452 (494 SE2d 269) (1997).

[12] Supra, 196 Ga. App. 523.

5

hymenal ring and a fresh abrasion on the labia minor which was not more than two weeks old and was consistent with finger manipulation.[13] A clinical psychologist testified that the victim was depressed, hostile toward adults, and that her behavior was consistent with the pattern of behavior known as child sexual abuse accommodation syndrome, which he described and explained.[14] Reversing the conviction on the basis of the trial court's exclusion of evidence showing a prior sexual molestation of the victim and a report of other previous sexual activity,[15] this court held that although evidence of those prior acts may not be admissible to show either the victim's reputation for nonchastity or her preoccupation with sex, such evidence may be admissible to "establish other possible causes for the behavioral symptoms exhibited by the child, which were described as typical of child sexual abuse accommodation syndrome, and to explain the medical testimony regarding her injuries."[16]

---

[13] Id. at 523-524.

[14] Id.

[15] Id. at 524-526 (2).

[16] Id. at 525 (2).

6

In *Blackwell*,[17] there was no indication that medical expert testimony was presented at trial.[18] The evidence adduced showed that not long after the defendant befriended a small child, the child began acting differently. The child was afraid to go to the bathroom alone; he wanted others to turn on the lights for him; and when the defendant stopped at his home, the child hid behind his mother's legs and ignored the defendant's request to shake his hand.[19] Affirming the trial court's ruling prohibiting the defendant from cross-examining the child's mother about her prior denial of any knowledge of previous sexual abuse of the child, this court distinguished *Hall*,[20] and held that there was no evidence adduced that the child had exhibited "physical or psychological injuries which would warrant the admission of proof that they were caused by someone other than [the defendant]."[21] There, evidence about the child's conduct did not amount to evidence of either physical or psychological injuries.

---

[17] Supra.

[18] Id. at 452-453.

[19] Id. at 453.

[20] Supra, 196 Ga. App. 523.

[21] *Blackwell*, supra at 454 (2).

We do not agree with Hall that the victim's testimony that she sought counseling after the incident with Hall constituted "medical testimony indicating that [she] ha[d] been sexually abused."[22] Nor has Hall shown that the victim's testimony that she felt embarrassed and ashamed amounted to medical testimony,[23] or that feelings of embarrassment and shame were "psychological injuries," as he contends. Indeed, this court has found "medical testimony indicating that [a] child has been sexually abused"[24] in cases where medical doctors testified as to their findings after they examined intimate body parts.[25] Accordingly, the trial court did not abuse its discretion in excluding evidence of prior sexual abuse committed by a person other than Hall on the ground that such evidence was irrelevant.[26]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[22] *Chambers*, supra.

[23] Id.

[24] Id.

[25] Id.; *Burris v. State*, 204 Ga. App. 806-807, 810 (2) (420 SE2d 582) (1992); *Hall*, supra at 196 Ga. App. 523-524, 525 (2); compare *Brown v. State*, 280 Ga. App. 884, 886 (1) (635 SE2d 240) (2006) (no medical evidence adduced which showed that child had been sexually abused where the state did not call to the witness stand the doctor who had examined the child).

[26] See *Segura v. State*, 280 Ga. App. 685, 688 (3) (634 SE2d 858) (2006); *Holmes*, supra; *Blackwell*, supra at 454 (2).