## S01A1173. TANNER v. THE STATE.
### (552 SE2d 831)

HUNSTEIN, Justice.

Michael Tanner was found guilty of malice murder and felony murder and he was sentenced to life imprisonment.[1] He appeals from the denial of his motion for new trial.

1. The evidence at trial established that on the night of February 18, 1998 a fight broke out between Tanner and the victim, Lysander Dukuly, about whether Tanner had burglarized Dukuly's apartment. During the exchange, Tanner shot Dukuly with a nine millimeter semi-automatic pistol causing Dukuly to fall to the floor. Tanner proceeded to circle Dukuly's body and fired nine more shots directly into Dukuly while he lay immobilized. Dukuly was hit in the hands, spinal column and legs and expert testimony established that Dukuly died as a result of the multiple gunshot wounds which created internal bleeding. Tanner left the scene but two months later turned himself in to police. In his testimony at trial Tanner claimed that Dukuly accused him of stealing, and that he shot in self-defense after the victim beat him and pulled a gun. The police did not recover a gun from the scene and an eyewitness to the incident testified that Dukuly was unarmed.

The evidence adduced at trial was sufficient to enable a rational trier of fact to find Tanner guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Tanner contends that the trial court erred in allowing into evidence photographs which illustrated different poses of Tanner with Dukuly taken in Dukuly's apartment two months before the shooting and another photograph which showed Tanner posing with a gun. Tanner argues that the photographs were irrelevant and prejudicial and, for the first time on appeal, argues that they were inadmissible because they placed his character in issue. During his direct testimony, Tanner stated that he was afraid of the victim and intimated

---

[1] The homicide occurred February 18, 1998. Tanner was indicted in July 1998 in DeKalb County. He was tried before a jury on December 7-10, 1998, found guilty and sentenced on December 10, 1998. His conviction for felony murder was vacated by operation of law. His motion for new trial, filed January 8, 1999, was denied March 6, 2001. A notice of appeal was filed on April 5, 2001. The appeal was docketed in this Court on May 8, 2001 and submitted for decision on the briefs.

that he did not normally carry a gun and had only brought the gun with him to Dukuly's apartment because he was afraid of Dukuly. On cross-examination the State introduced the photographs to challenge Tanner's testimony.

As a general rule, the admission or exclusion of evidence on the grounds of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed without a showing of a clear abuse of that discretion. *Jones v. State*, 270 Ga. 25 (8) (505 SE2d 749) (1998); *O'Neal v. State*, 254 Ga. 1 (3) (325 SE2d 759) (1985). Our review of the photographs admitted into evidence reveals that the trial court did not abuse its discretion. *Mason v. State*, 274 Ga. 79, 81 (5) (548 SE2d 298) (2001). Moreover, inasmuch as Tanner never asserted the improper injection of his character as a basis for an objection in the trial court, he may not raise it for the first time on appeal. *Williams v. State*, 262 Ga. 422 (6) (420 SE2d 301) (1992). See also *Richardson v. State*, 256 Ga. 746 (4) (353 SE2d 342) (1987).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001.

Michael Tanner, *pro se.*

J. Tom Morgan, *District Attorney,* Barbara B. Conroy, Robert M. Coker, *Assistant District Attorneys,* Thurbert E. Baker, *Attorney General,* Adam M. Hames, *Assistant Attorney General,* for appellee.