## S01A1094. RILEY v. THE STATE.

(553 SE2d 797)

CARLEY, Justice.

A jury found Delicia Riley guilty of malice murder, possession of a firearm during the commission of a crime, and possession of cocaine. The trial court sentenced her to life imprisonment for the murder and to a concurrent ten-year term for the drug offense and merged the weapons charge into the murder conviction. But see *Jackson v. State*, 267 Ga. 130 (2) (475 SE2d 637) (1996). She appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

Ms. Riley and Areka Glenn once had a lesbian relationship, but Ms. Glenn ended it and began a heterosexual affair with Bradley Whatley. Upon learning of this, Ms. Riley threatened to beat and even to kill Mr. Whatley. Early one morning, she armed herself and went to his house seeking Ms. Glenn. She pounded on his door for a considerable time before he opened it. When she discovered that Ms. Glenn was there, a heated argument ensued. According to Ms. Riley, Mr. Whatley struck her with his hand. As he turned to go back inside, Ms. Riley killed him by shooting him in the back of his head. Officers arrested her a short time later, at which time she was in possession of the gun and cocaine. In her in-custody statement, she claimed that she did not go to the victim's house with the intent to kill him, but to kill herself. She also stated that, when he indicated that he too had a

---

[1] The crimes occurred on December 5, 1999. The grand jury indicted Ms. Riley on February 17, 2000. The jury returned the guilty verdicts on May 9, 2000 and, on that same day, the trial court entered the judgments of conviction and sentences. Ms. Riley filed a motion for new trial on June 6, 2000, and the trial court denied that motion on August 23, 2000. The trial court granted a motion for out-of-time appeal on March 15, 2001. She filed a notice of appeal on March 22, 2001. The case was docketed in this Court on April 20, 2001. The appeal was submitted for decision on June 11, 2001.

gun and turned to go inside, she shot him before he could get his weapon. He was not armed at the time of the homicide, and no gun was found in his residence.

1. Appellant enumerates the general grounds, contending that the evidence is insufficient to show her intent to kill the victim. However, the evidence that she killed the victim is undisputed, and the jury was not required to believe her exculpatory version of the events. A finding of her guilt of the murder is authorized by her words, conduct, demeanor, motive and all the other circumstances connected with her shooting of the victim. *Brannon v. State*, 266 Ga. 667, 668 (469 SE2d 676) (1996). Construing the evidence most strongly in favor of the verdict, it was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that she was guilty of all the crimes for which she was being tried. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Ms. Riley enumerates as error the trial court's failure to charge on self-defense. She did not make a request for the instruction, but urges it was not necessary for her to do so because justification was her sole defense. *Hayes v. State*, 261 Ga. 439, 443 (6) (a) (405 SE2d 660) (1991). The record shows, however, that she asserted at trial that, because of the victim's provocation, she was guilty only of voluntary manslaughter. The trial court gave a charge on that lesser included offense. Thus, justification was not her sole defense to the murder charge. Moreover, Ms. Riley did not produce any evidence which would support a finding that shooting the unarmed victim in the back of his head was an act of self-defense. Consequently, a charge on justification, even if it had been requested, was not authorized. *Porter v. State*, 272 Ga. 533, 534 (3) (531 SE2d 97) (2000).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 5, 2001.

*Phyllis V. Harris*, for appellant.

*Tambra P. Colston, District Attorney, John F. McClellan, Jr., Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.