## S02A1297. BARRETT v. THE STATE.
### (571 SE2d 803)

CARLEY, Justice.
Appellant Daniel Barrett struck his wife Betsabe. The next day, she informed her sister, Rosario Rodriguez, that she feared for her safety and that she planned to leave with the children. Ms. Rodriguez relayed Betsabe's concerns to their two brothers, Joel and Jorge Rodriguez. The Rodriguez brothers, accompanied by Ms. Rodriguez and several other relatives, left for the Barrett house. One of the family members called 911 and requested that the police meet them there. While the group waited outside the Barrett residence for the authorities to arrive, Appellant and his sister emerged and drove away. The Rodriguez brothers followed Barrett, in case he had harmed his wife and was attempting to escape. However, he and his sister only drove to their mother's home, where he knew there was a gun. He ran into the house, while his sister stayed to talk with Joel and Jorge. Appellant's intoxicated brother went out to confront the two Rodriguez brothers, and a scuffle ensued. Having retrieved the firearm, Barrett fatally shot Jorge in the back as he ran towards his truck. He then shot and wounded Joel in the buttocks. Neither of the victims was

---

[13] See *Felder*, 270 Ga. at 645.

armed. Appellant claimed that he acted in self-defense, but the jury found him guilty of malice murder of Jorge, aggravated battery of Joel, simple battery of his wife, two counts of possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and discharge of a firearm near a public street. The trial court sentenced Barrett to life imprisonment for murder, to a consecutive 20-year term for aggravated battery and to concurrent terms of years for the remaining offenses. Following the denial of a motion for new trial, he brings this appeal.[1]

1. When construed most strongly in support of the verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof of Appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Riley v. State*, 274 Ga. 342, 343 (1) (553 SE2d 797) (2001); *Tanner v. State*, 274 Ga. 240 (1) (552 SE2d 831) (2001).

2. The trial court refused to allow the defense to show that members of the Rodriguez family other than Jorge and Joel possessed guns. Barrett contends that the trial court should have admitted this evidence, because it was relevant to his reasonable fears that the use of deadly force was necessary.

Proof that the victim usually was armed and that the defendant was aware of that fact may be relevant to a justification defense. *Daniel v. State*, 103 Ga. 202, 203 (1) (29 SE 767) (1897). However, evidence merely that Appellant knew that third parties possessed guns to which the victims may possibly have access is speculative and does not illustrate the reasonableness of his belief that they were armed on the specific occasion in question. See *Bennett v. State*, 265 Ga. 38, 41 (4) (453 SE2d 458) (1995); *Williams v. State*, 254 Ga. 6, 11 (8) (326 SE2d 444) (1985). Compare *Smith v. State*, 270 Ga. 240, 242 (4) (510 SE2d 1) (1998) (evidence of victim's own actual possession of gun shortly before homicide admissible to corroborate defendant's claim that victim owned a gun and fired first). Since the evidence does not support a reasonable inference that the Rodriguez brothers possessed guns when Barrett shot them, the trial court correctly excluded it as irrelevant.

3. The trial court gave a charge on the use of force in defense of self or others in accordance with the provisions of OCGA § 16-3-21. Appellant urges that the trial court erred in failing also to give a

---

[1] The crimes were committed on December 21, 1997. The grand jury indicted Barrett on January 13, 1998. The jury returned the guilty verdicts on November 24, 1998 and, on that same day, the trial court entered the judgments of conviction and imposed the sentences. Appellant filed a motion for new trial on December 22, 1998, and the trial court denied that motion on February 6, 2002. Barrett filed a notice of appeal on March 8, 2002, and the case was docketed in this Court on May 7, 2002. The appeal was orally argued on September 23, 2002.

requested instruction on use of force in defense of habitation and other real or personal property under OCGA §§ 16-3-23 and 16-3-24.

The record shows that, at the conclusion of the charge, the trial court asked if there were any objections and defense counsel replied: "None at this time, your Honor." This is a waiver of the right to assert any error in the instructions on appeal. *Russell v. State,* 264 Ga. 121, 122 (3) (441 SE2d 750) (1994). Moreover, the charges were not authorized, because there was no evidence that, at the time Barrett shot the victims, they were threatening to enter the home or to commit a forcible felony involving any other property. See *Stobbart v. State,* 272 Ga. 608, 612 (4) (533 SE2d 379) (2000). Under the evidence, the sole question was whether he fired the shots to defend himself or his brother and, as noted, the trial court fully instructed the jury on the principles applicable to that theory of justification.

4. A defendant has the constitutional right to be present " 'at any stage of a criminal proceeding that is critical to its outcome if [his or her] presence would contribute to the fairness of the procedure.' [Cit.]" *Huff v. State,* 274 Ga. 110, 111 (2) (549 SE2d 370) (2001). Appellant contends that the trial court erroneously violated this constitutional right on several occasions.

In one of the cited instances, defense counsel informed the trial court that "my client has asked to excuse himself and waives his presence because he himself has to go." Thus, Barrett expressly waived his right to be present. See *Wilson v. State,* 212 Ga. 73, 77-78 (90 SE2d 557) (1955). Moreover, the record shows that, in his absence, nothing occurred which had any import on the proceedings.

Another occasion arose when the jury sent a request for a transcript of the testimony of Barrett and his brother. The record shows that the trial court was aware that Barrett was not in attendance when this request was received, and the bailiff was instructed to get him. There is no indication that Appellant had not returned to the courtroom before the substance of the response to the jury's request was discussed.

A short time later, the jury sent another message indicating that it had reached a verdict on all counts except the one charging malice murder, and asked how it was to proceed. In Appellant's absence, the trial court informed counsel for both sides that it was inclined to allow the jurors to leave for the evening and to return for further deliberations the following day. When the attorneys agreed, the trial court requested Barrett's presence before it so instructed the jury. Therefore, he was not absent at any point when the trial court communicated with the jurors. Compare *Hanifa v. State,* 269 Ga. 797, 806 (6) (505 SE2d 731) (1998). With regard to the conference with counsel preceding the instructions, Barrett's right to be present was not violated because he "could not have made a meaningful contribu-

tion . . . ." *Parks v. State*, 275 Ga. 320, 323 (3) (565 SE2d 447) (2002). See also *Huff v. State*, 274 Ga. 110 (549 SE2d 370) (2001).

On the final occasion, the trial court and counsel engaged in a hypothetical legal discussion regarding the proper response to various combinations of possible verdicts on the counts. Although Appellant was not present, neither was the jury. At the outset of the colloquy, the trial court noted that it would obtain Barrett's presence if it became necessary to instruct the jurors further. However, the entire matter was resolved when the jury returned verdicts of guilty on all counts, making it unnecessary for the trial court to order further deliberations or to give any additional instructions. Under these circumstances, Appellant was never absent during a critical stage of the trial proceedings. Compare *Pennie v. State*, 271 Ga. 419, 420 (2) (520 SE2d 448) (1999).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002.

*H. Bradford Morris, Jr.*, for appellant.

*Jason J. Deal, District Attorney, Lee Darragh, Assistant District Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.