## S02A0536. HOLMES v. THE STATE.
(572 SE2d 569)

BENHAM, Justice.

Morris Scott Holmes appeals in this case from his conviction for felony murder.[1] The evidence at trial established that Jerome Morrison bled to death after having been stabbed three times with a knife in a struggle with Holmes. The struggle was the second of two which occurred between the two men on the same evening in an apartment where Holmes had invited Morrison to stay. During the first altercation, witness Nnamdi Moore observed Morrison and Holmes wrestling on the floor, with Morrison seeming to be in control. In the second altercation, Moore found Holmes and Morrison in a struggle against a wall. Moore started to grab Morrison, but after hearing him exclaim that Holmes had stabbed him, Moore grabbed Holmes instead, pulled him away, and saw a knife in his hand. When Moore asked Holmes why he stabbed Morrison, Holmes asked Moore, "Do you want some, too?" Holmes went to the nearby home of his brothers, who observed that he appeared to be under the influence of alcohol, but did not appear to have any wounds or blood on him. Kelvin Ward also witnessed the second fight and followed Morrison out of the apartment where Morrison asked that an ambulance be summoned. While Morrison was being treated by emergency medical personnel, Ward heard him tell police officers that Holmes had stabbed

---

[1] The crime was committed on October 13, 1998, and Holmes was indicted on April 9, 1999. A trial conducted on September 21-24, 1999, resulted in a life sentence for felony murder. Holmes's motion for new trial, filed October 13, 1999, was denied on February 13, 2001, and his motion for an out-of-time appeal, filed March 22, 2001, was granted on March 27, 2001. Pursuant to a notice of appeal filed March 30, 2001, the record was transmitted to this Court and the appeal was docketed on December 21, 2001. The case was submitted for decision on the briefs.

him. Holmes denied that anyone was in the apartment to witness his fight with Morrison. Holmes further claimed he was defending himself, Morrison was the one who had the knife, and he must have stabbed himself three times.

1. The evidence adduced at trial, though circumstantial, was sufficient to authorize a rational trier of fact to find Holmes guilty of felony murder (aggravated assault) beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Blair v. State*, 273 Ga. 668 (1) (543 SE2d 685) (2001) (evidence sufficient for rational trier of fact to find beyond a reasonable doubt that defendant did not act in self defense).

2. In two enumerations of error, Holmes complains of the trial court's failure to charge the jury specifically that voluntary manslaughter can be an included offense of felony murder or to specifically admonish the jury that it could not convict of felony murder if it found provocation and passion. The trial court instructed the jury on the law of malice murder, the law of voluntary and involuntary manslaughter, the law of felony murder, and the law of aggravated assault. In addition, the trial court recharged the jury at its request on malice murder, felony murder, and voluntary manslaughter. In that recharge, no distinction was drawn between malice murder and felony murder with regard to the availability of voluntary manslaughter as an included offense. "We do not require the trial courts to follow an exact formula in instructing juries so long as the charge as a whole ensures that the jury will consider whether evidence of provocation and passion might authorize a verdict of voluntary manslaughter. [Cit.]" *Tessmer v. State*, 273 Ga. 220 (3) (539 SE2d 816) (2000). Viewing the charge as a whole, we conclude that the jury was sufficiently informed of its options with regard to included offenses. That the jury considered voluntary manslaughter is demonstrated by its question to the trial court about the effect a finding of manslaughter would have on the various counts of the indictment. Id. No error appears.

3. Holmes enumerates as error the trial court's ruling, on the ground of relevance, that Holmes could not cross-examine State witnesses about an alleged neurological condition which causes Holmes to experience seizures and for which he takes medication. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear abuse of discretion. [Cit.]" (Punctuation omitted.) *Mason v. State*, 274 Ga. 79 (5) (548 SE2d 298) (2001). Since the defense did not claim that Holmes had a seizure on the night in question or that he was affected on that occasion by his anti-seizure medication, we find no abuse of discretion in the trial court's ruling that the issue was not relevant.

4. Holmes complains that the admission of testimony that Morrison, during the struggle with Holmes, said that Holmes had stabbed him was error because the State did not establish that the statement was a dying declaration. However, the testimony was not offered or admitted as a dying declaration, but as a part of the res gestae of the crime. Declarations uttered contemporaneously with pertinent acts, which serve to account for, qualify, or explain them, and which are apparently natural and spontaneous, are pertinent as part of the res gestae. *Tesfaye v. State*, 275 Ga. 439, 443 (6) (569 SE2d 849) (2002). "[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). Because the statement at issue here, voiced by the victim during the commission of the crime, meets the requirements stated above, the admission of the statement was not clearly erroneous. Id.

5. The State offered into evidence several knives found in Holmes's apartment. Holmes's objections, including that the knives were not relevant, were overruled. The State contends on appeal, as it did at trial, that the knives were relevant to show the availability to Holmes of such weapons. "As a general rule, the admission or exclusion of evidence on the grounds of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed without a showing of a clear abuse of that discretion. [Cit.]" *Tanner v. State*, 274 Ga. 240 (2) (552 SE2d 831) (2001). Under similar circumstances, we have approved the admission of such evidence (see *Barnes v. State*, 269 Ga. 345 (24) (496 SE2d 674) (1998)), and we perceive no abuse of discretion in this instance.

6. The witness who pulled Holmes away from the victim testified that Holmes asked him, "You want some of this?" and stated that he was not going to check on Morrison and that he did not care whether Morrison was all right or not. Holmes objected to the testimony on the ground that the State was obliged to provide the defense with any statements by the defendant, but had not done so. The prosecuting attorney stated in his place that there were no written or recorded statements involved. Under those circumstances, the State is not obliged by OCGA § 17-16-1 (2) (C) to provide the statement to the defense. *Forehand v. State*, 267 Ga. 254 (3) (477 SE2d 560) (1996).

7. On motion for new trial, post-conviction counsel argued that Holmes was denied effective assistance of counsel, but chose not to call trial counsel to testify. Instead, counsel chose to "stand on the pleadings in this case."

To establish a claim of ineffective assistance of counsel, a

defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. [Cit.] In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial hearing, it is extremely difficult to overcome this presumption. [Cit.]

*Russell v. State*, 269 Ga. 511 (1) (501 SE2d 206) (1998). In the present case, as in *Russell*, there is nothing of record to overcome the presumption that counsel's conduct fell within the wide range of reasonable professional assistance. That being so, there was no error in the trial court's rejection of that argument on motion for new trial.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 12, 2002 —
RECONSIDERATION DENIED DECEMBER 13, 2002.

*Axam, Adams & Secret, Tony L. Axam, Gwendolyn Johnson,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Amira S. AbuBakr, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General,* for appellee.