## S03A0036. BROUSSARD v. THE STATE.
(576 SE2d 883)

CARLEY, Justice.

A jury found John Wayne Broussard guilty on alternative counts of malice and felony murder of Terrence Greene, as well as six counts of aggravated assault on other individuals. Concluding that the evidence supported the verdict as to malice murder, the trial court entered judgment of conviction and imposed a life sentence for that offense and thereby vacated the felony murder verdict by operation of law. *Malcolm v. State*, 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). The trial court also entered judgments of conviction on all six guilty verdicts for aggravated assault and imposed ten-year sentences to run concurrently with each other, but consecutively with the life sentence for murder. After the denial of a motion for new trial, Broussard brings this appeal.[1]

1. While Appellant was attending a party, an argument broke out between one of his friends and Greene. The two went outside, where each was joined by a number of his supporters. Suddenly, a gun was fired at those gathered around Greene's van. As he and his friends fled, Greene exclaimed that he was shot. When the police arrived, they found the abandoned van, but did not find Greene. The next morning, Greene's body was discovered down the street from his parked vehicle. He died from a gunshot to the back. Greene had a shotgun shell clutched in his hand and, some distance away, the investigators found a shotgun. After the shootings, Appellant admitted to a friend that he intentionally fired at the crowd. In his statement to officers, however, he claimed that he was not armed, that he shot no one and that he never saw a weapon in the possession of Greene or any of Greene's friends.

When construed most strongly in support of the jury's guilty verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof of Broussard's guilt of malice murder and six counts of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant enumerates as error the trial court's refusal to give a requested charge on self-defense. According to Appellant's own statement to the police, however, he did not fire any weapon. Justification is an affirmative defense whereby the defendant admits acting with the intent to inflict an injury, but claims that he did so while in

---

[1] The crimes occurred on October 3, 1999. The grand jury indicted Broussard on June 30, 2000. The jury returned the guilty verdicts on August 24, 2001 and, on that same day, the trial court entered judgments of conviction and imposed the sentences. Appellant filed a motion for new trial on September 6, 2001, which the trial court denied on May 10, 2002. He filed a notice of appeal on June 6, 2002. The case was docketed in this Court on September 11, 2002, and submitted for decision on November 4, 2002.

reasonable fear of suffering immediate serious harm to himself or another. *Austin v. State*, 275 Ga. 346, 347 (2) (566 SE2d 673) (2002).

Broussard correctly asserts that the jury was not required to believe his statement, and that it was authorized to credit the prosecution's evidence identifying him as the shooter. However, nothing supported a finding that, if he did shoot, he acted in self-defense. The undisputed direct evidence, including Appellant's own statement, indicated that he was not aware that any member of the opposing crowd, including Greene, was armed. If he did not have a reasonable belief that firing the gun was necessary to defend himself or another from any of the victims' imminent use of unlawful force, his act was not justified. *Alexis v. State*, 273 Ga. 423, 426 (4) (541 SE2d 636) (2001). At most, the evidence showed that Greene owned the shotgun that was found the next morning in the vicinity of his body. However, all of the circumstantial evidence, including the fact that the fatal wound was to the back, was consistent with Appellant firing the gun as the victims were attempting to flee. *Riley v. State*, 274 Ga. 342, 343 (2) (553 SE2d 797) (2001). Therefore, even assuming that Greene or one of his friends may have held the weapon at some point, Broussard could not have been in imminent fear at the time he committed the acts for which he was being tried. See *Brown v. State*, 270 Ga. 601, 603 (2) (512 SE2d 260) (1999).

Under the evidence, either Appellant did not shoot at all, as he claimed to the police, or he intentionally fired the gun at the fleeing crowd, as the prosecution showed. Because no construction of the evidence would support a finding that he shot in self-defense, the trial court properly refused to charge on that issue. *Conner v. State*, 251 Ga. 113, 115 (2) (a) (303 SE2d 266) (1983).

3. The trial court failed to charge on voluntary manslaughter as a lesser included offense. However, it does not appear that Appellant submitted a written request for such an instruction. *State v. Stonaker*, 236 Ga. 1, 2 (2), (3) (222 SE2d 354) (1976). Moreover, as previously noted, he claimed in his statement that he was not guilty of any crime. There was no testimony that Broussard intentionally shot the gun after being subject to serious provocation sufficient to excite a sudden, violent and irresistible passion in a reasonable person. "The evidence in the present case shows only angry words, unconnected to any threat or provocative conduct . . . ." *Veal v. State*, 250 Ga. 384, 385 (1) (297 SE2d 485) (1982).

Appellant and the State did reach a plea bargain in which he was to plead guilty to voluntary manslaughter. However, he withdrew his offer and elected to go to trial on an indictment which charged him with murder. Whether a jury charge on voluntary manslaughter was authorized is determined by the evidence produced at trial, and not by the terms of a withdrawn plea bargain. The prosecu-

tion may have agreed to accept Broussard's offer to plead guilty to a lesser crime, but he withdrew it and cannot now complain that, in accordance with the proof adduced at trial, he was guilty of the greater offense or none at all. See *Thompson v. State*, 154 Ga. App. 704, 708 (5) (269 SE2d 474) (1980).

*Judgments affirmed. All the Justices concur.*

DECIDED FEBRUARY 10, 2003.

*Mitchell D. Durham*, for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, Marion T. Woodward, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Ruth M. Pawlak, Assistant Attorney General*, for appellee.

