S08A1143. MILLER v. THE STATE.

(668 SE2d 690)

SEARS, Chief Justice.

In 2005, a Fulton County jury convicted Corey Miller of felony murder and related crimes arising out of the shooting death of Miller's best friend, Cortez Wilson. Miller contends the trial court abused its discretion in two evidentiary rulings and that he is therefore entitled to a new trial. Finding his contentions to be without merit, we affirm.[1]

1. The evidence presented at trial overwhelmingly established the following facts. On April 5, 2004, Miller and Wilson decided to rob alleged drug dealer Emeka Edemcord of a large amount of ecstasy and money. Wilson arranged the meeting, and as he sat in the front seat of Edemcord's vehicle, Miller approached the driver's side window and fired several shots into the automobile. Two bullets passed through Edemcord's face and into Wilson, who jumped out and fled on foot. Edemcord managed to drive himself home after the incident. Wilson and Edemcord both ended up at the hospital. Edemcord survived his wounds; Wilson did not. Viewed in the light most favorable to the verdict, we have no difficulty concluding that

---

[1] On September 17, 2004, a Fulton County grand jury indicted Miller for malice murder, four counts of felony murder, attempted carjacking, armed robbery, two counts of aggravated assault with a deadly weapon, and two counts of possession of a firearm during the commission of a felony. At the conclusion of a four-day jury trial that ended January 14, 2005, the jury returned guilty verdicts against Miller on two counts of felony murder, two counts of aggravated assault with a deadly weapon, and one count of possession of a firearm during the commission of a felony. Miller filed a motion for new trial on February 14, 2005, and the trial court sentenced Miller to life in prison on February 17, 2005, after a sentencing hearing. Two years later, on July 16, 2007, Miller filed an amended new trial motion alleging as error two evidentiary rulings by the trial court. Following a hearing, the trial court denied the motion on November 21, 2007. Miller filed a timely notice of appeal to the Court of Appeals. The Court of Appeals transferred the case to this Court on March 21, 2008, and it was submitted for decision on the briefs.

the evidence presented at trial was more than sufficient to authorize a rational trier of fact to find Miller guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Miller contends the trial court abused its discretion in two evidentiary rulings and that he is therefore entitled to a new trial. Two copies of the photographic lineup card containing Miller's picture were admitted at trial. Miller objected to the one introduced during the testimony of the lead detective as he was explaining how he prepared the card. Miller also objected to the introduction of the search warrant the police used to find and seize the murder weapon. In both instances, Miller objected on the ground of relevancy only. On appeal, Miller contends the trial court erred in overruling his objections.

We review a trial court's evidentiary rulings solely for abuse of discretion.[3] The copy of the lineup card introduced during the lead detective's testimony, which is identical to the one admitted later that shows Edemcord's mark identifying Miller as the shooter, makes it more probable that the lineup card was properly compiled, a fact of obvious consequence to the determination of this action. Similarly, the warrant issued and executed in DeKalb County at the request of the lead detective investigating Wilson's murder makes it more probable that the gun recovered pursuant to that warrant is the murder weapon involved in this case. Again, this fact is consequential to the determination of the prosecution against Miller. Accordingly, the trial court did not abuse its discretion in overruling Miller's objections — based solely on relevancy — to introduction of the lineup card during the lead detective's testimony and admission of the search warrant used to recover the murder weapon.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 27, 2008.

*John P. Rutkowski*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 309 (99 SC 2781, 61 LE2d 560) (1979); *In re Winship*, 397 U. S. 358, 361-364 (90 SC 1068, 25 LE2d 368) (1970).

[3] *Holmes v. State*, 275 Ga. 853, 855 (572 SE2d 569) (2002); *O'Neal v. State*, 254 Ga. 1, 3 (325 SE2d 759) (1985).