A11A0066. PUCKETT v. THE STATE.
(712 SE2d 579)

DOYLE, Judge.

Following a jury trial, Jeremy Keith Puckett appeals from his conviction of one count of child molestation,[1] contending that the trial court erred by (1) refusing to allow him to cross-examine the victim's grandmother about her alleged prior false accusation of physical child abuse, (2) excluding evidence that another child at the victim's daycare had touched the victim, and (3) improperly placing Puckett's character at issue by admitting evidence that he had been sexually assaulted as a teenager. For the reasons that follow, we affirm.

Construed in favor of the verdict,[2] the evidence shows that in January 2008, Puckett lived with his wife, Leila, and C. P., her daughter from a previous marriage,[3] in a basement apartment they rented from Leila's parents, Virginia and Tom Kaylor, who lived upstairs. One evening after Puckett, Leila, and Virginia finished playing cards, they watched television as they waited for three-year-old C. P. to fall asleep in the room with them. Leila and Virginia began dozing, but Virginia soon awakened to see Puckett rubbing his hand on C. P.'s thigh and vaginal area. When Puckett realized that Virginia had seen him, he immediately left the room.

Tom, Virginia, and Leila later confronted Puckett who initially denied the touching but ultimately admitted that he had been touching C. P. inappropriately for approximately six months and became sexually aroused by seeing C. P. naked after her baths.

---

[1] OCGA § 16-6-4 (a) (1).

[2] See *Short v. State,* 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] C. P.'s biological father and Leila divorced before C. P. was born.

Puckett requested that they consult a neighbor who was a police officer, and the neighbor called police who arrived soon thereafter. Puckett told the responding officer that "he had inappropriately been touching his stepdaughter, and he . . . wanted to basically confess to it and . . . get the slate clean on it."

Puckett was charged with one count of child molestation, and a jury found him guilty. After Puckett was sentenced, the trial court denied his motion for new trial, giving rise to this appeal.

1. Puckett contends that the trial court abused its discretion by sustaining the State's relevance objection to Puckett's attempted cross-examination of Virginia about whether she had falsely accused her daughter Leila of pushing C. P. down the stairs. We disagree.

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court whose decision will not be disturbed on appeal absent a clear abuse of discretion."[4]

Here, after Puckett's trial counsel attempted to cross-examine Virginia about whether she had falsely accused Leila of pushing C. P. down the stairs, the State objected on relevance grounds, and the trial court held a conference outside the presence of the jury. Puckett's counsel argued that she was entitled to pursue the line of questioning under OCGA § 24-9-68, which states that "[t]he state of a witness's feelings toward the parties and [her] relationship to them may always be proved for the consideration of the jury." Puckett apparently sought to prove Virginia's emotional power over the family and that her critical attitude toward her daughter's parenting revealed bias.

We note at the outset that there was no evidence taken as to the date of the alleged false accusation, and the State proffered that the alleged false accusation was made in June 2008, six months after Virginia witnessed the offense at issue and confronted Puckett. Thus, the allegedly false accusation was not analogous to a prior false allegation of sexual abuse, which might have more relevance.[5] Further, there was no evidence of a prior false allegation of *sexual* abuse made by C. P. or any other witness, and Puckett failed to demonstrate the likelihood of falsity of Virginia's allegation. Under these circumstances, we discern no clear abuse of the trial court's discretion here.[6] "The trial court has broad discretion to exclude

---

[4] (Punctuation omitted.) *Holmes v. State*, 275 Ga. 853, 854 (3) (572 SE2d 569) (2002).

[5] Compare *In the Interest of M. G.*, 239 Ga. App. 787, 790 (521 SE2d 918) (1999) ("Because the grandfather was the first to question the victim and report the alleged molestation, we find the trial court abused its discretion when it refused to allow the defendant to cross-examine him about [his] prior false allegation of molestation.").

[6] See OCGA § 24-2-1 ("Evidence must relate to the questions being tried by the jury and

evidence on grounds of relevancy, and if the proffered evidence is too tenuous to prove the desired matter and is possibly more prejudicial than probative, the trial court does not abuse its discretion in excluding the evidence."[7]

2. Puckett next contends that the trial court erred by excluding proffered hearsay testimony that in 2007, C. P. told her mother that another child at C. P.'s daycare had touched her private parts. Puckett proffered the evidence in response to prior testimony from a physician who treated C. P. for a urinary tract infection in 2007. During that testimony, the State elicited testimony from the physician about the possible causes of the infection, which included potty training, withholding urination, failing to drink sufficient fluids, rashes, or a "dirty hand." To rebut any inference that Puckett's hand caused the 2007 infection, he proffered hearsay testimony that C. P. alleged that she had been touched by another child at her daycare.

The trial court excluded the evidence based on relevance and hearsay grounds, noting that Puckett was not accused of touching C. P. in 2007 and that the evidence lacked sufficient indicia of reliability required by the Child Hearsay Statute,[8] because C. P.'s mother failed to bring the allegation to the attention of the medical staff at the physician's office. The record supports these findings as to relevance and reliability, and we discern no abuse of the trial court's discretion.[9]

3. Finally, Puckett contends that the trial court erred by admitting a brief reference in Puckett's confession to police that he had been sexually assaulted when he was 16. Puckett argues that this statement improperly placed his character at issue by implying that, as a

---

bear upon them either directly or indirectly. Irrelevant matter should be excluded."); *Lockett v. State*, 217 Ga. App. 328, 330 (2) (457 SE2d 579) (1995) ("even if the testimony sought to be admitted does relate to the feelings a witness has toward a party, if that particular feeling would have no relevance to the questions being tried by the jury, then such evidence may be excluded in the sound discretion of the trial court") (physical precedent only).

[7] (Punctuation omitted.) *Williams v. State*, 303 Ga. App. 222, 229 (4) (692 SE2d 820) (2010).

[8] OCGA § 24-3-16 ("A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another or performed with or on another in the presence of the child is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability."). We note that this Code section has been found unconstitutional to the extent that it allowed for the introduction of the hearsay statements of a child who witnessed the alleged abuse. See *Woodard v. State*, 269 Ga. 317, 321-323 (3) (496 SE2d 896) (1998).

[9] See *Nelson v. State*, 279 Ga. App. 859, 861 (1) (a) (632 SE2d 749) (2006) ("The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under OCGA § 24-3-16 only if the trial court abused its discretion.").

victim of abuse himself, Puckett had a propensity to abuse children. However, Puckett did not object to the evidence when it was offered, nor did he move in limine to prohibit such evidence, and he specifically elicited a second reference to the alleged prior assault. "A defendant will not be allowed to induce an asserted error, sit silently hoping for acquittal, and obtain a new trial when that tactic fails. Induced error is impermissible and furnishes no ground for reversal."[10]

Nevertheless, Puckett cites *Putnam v. State*[11] to support his argument that the reference to the prior sexual assault was plain error requiring a reversal despite his waiver:

> In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.[12]

*Putnam*, however, provides no basis for reversal here.

In *Putnam*, the error was the admission of improper bolstering evidence consisting of (1) testimony from a Department of Family and Children Services ("DFCS") worker who repeatedly stated that she believed the victim was molested and that Putnam was the perpetrator, and (2) a DFCS letter stating the same that went out with the jury.[13] The State's case was based primarily on the credibility of the victim's accusation and the defendant's denials, and there were other circumstances bringing the molestation allegations into doubt.[14] Thus, the improper bolstering went to the ultimate issue of the case, which invaded the role of the jury.[15]

Here, by contrast, the challenged evidence did not go to the ultimate issue in the case, and Puckett fails to show this Court that the State or the trial court made any argument or instruction urging the improper character inference he articulates for the first time on appeal.[16] Further, even if we were to apply the *Putnam* rationale

---

[10] (Punctuation omitted.) *Anthony v. State*, 275 Ga. App. 274, 278-279 (5) (620 SE2d 491) (2005).

[11] 231 Ga. App. 190 (498 SE2d 340) (1998) (physical precedent only).

[12] (Punctuation omitted.) Id. at 193 (3).

[13] See id. at 193 (2).

[14] See id. at 194 (3).

[15] See id. at 193-194 (3).

[16] Compare *Tyler v. State*, 266 Ga. App. 221, 223 (2) (596 SE2d 651) (2004) (noting that the State intentionally attempted to elicit improper testimony, and the trial court's comments exacerbated the error), subsequent related appeal overruled on other grounds, *Schofield v. Holsey*, 281 Ga. 809, 812, n. 1 (642 SE2d 56) (2007).

here, there was testimony from a third party who witnessed the abuse, as well as confessions by Puckett to his family and police. Thus, the inclusion of the challenged evidence in this case did not seriously affect the fairness, integrity, or public reputation of the judicial proceeding. Accordingly, we discern no reversible error.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 20, 2011.

*Jennifer A. Trieshmann*, for appellant.

*Lee Darragh, District Attorney, Lindsay H. Burton, Assistant District Attorney*, for appellee.