A99A0083. SMITH v. THE STATE.
(521 SE2d 7)

ANDREWS, Judge.

Lloyd R. Smith appeals from denial of his motion for new trial following his conviction of aggravated assault against his then wife.[1]

1. Smith's second enumeration is that the trial court erred in denying his motion for directed verdict on the aggravated assault count, thereby raising the issue of the sufficiency of the evidence under *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed with all inferences in favor of the jury's verdict, it was that Angela Smith and Smith were married in December 1994, shortly before he was chaptered out of the army.

On January 26, 1995, the two began arguing over money at their apartment and continued arguing as Ms. Smith drove her car on the expressway with Smith in the passenger seat. Ms. Smith refused to tell Smith what she had done with money he had given her for rent and Smith became angry. Smith then struck her in the eye with his fist, causing a blowout fracture of her eye. Ms. Smith then went to her friend's apartment where she retrieved the money. The friend called police and Smith left in Ms. Smith's car. Smith contended the injury was caused by Ms. Smith's hitting her head on the rear view mirror, although he pled guilty to simple battery as a result of the incident. This incident was introduced as a similar offense and is the subject of Division 2.

Smith and Ms. Smith reunited after the January incident, although their relationship did not improve. On May 20, 1995, Smith and Ms. Smith were visiting some friends when an argument began between Smith and another man. Smith believed the man had a gun and called the police who responded. The gun turned out to be a starter pistol. Ms. Smith went to the police and asked them to ask Smith to leave the apartment. The police discussed this with him and he agreed to leave. Around 10:00 p.m., Kelly, Ms. Smith's brother, agreed to take Smith where he wanted to go because he did not want Ms. Smith to have to take him.

Ms. Smith went to sleep in her living room around midnight

---

[1] Smith was also charged with aggravated sodomy, rape, and false imprisonment arising from the same incident of May 20, 1995, but was acquitted of those charges.

after putting her son to bed. Because she was nervous about Smith's returning, she placed a love seat in front of the locked front door. Around 5:00 a.m., Ms. Smith heard a key in the lock and the love seat was pushed aside by Smith, who said he wanted to talk. Although she asked him to leave, he did not. Smith had a cold hard look on his face and Ms. Smith was afraid. In a few minutes, Smith got up and went into the kitchen, returning with a hammer. Ms. Smith was sitting on the sofa and Smith approached her and struck her on the side of the head with the hammer. After engaging in the acts that were the subject of the remaining counts, Smith left the apartment in Ms. Smith's car.

Although Smith argues that this incident was an accident caused by their struggle for the hammer and that inconsistencies in Ms. Smith's testimony required a directed verdict, such inconsistencies went only to the credibility of Ms. Smith, a matter inherently for the jury's determination. *Price v. State*, 228 Ga. App. 155, 157 (4) (491 SE2d 210) (1997). This court cannot substitute its judgment on the issue of credibility for that of the jury. *Luke v. State*, 222 Ga. App. 203, 206 (2) (474 SE2d 49) (1996).

The testimony of a single witness, even if inconsistent, is legally sufficient as long as there is some competent evidence to make out the State's case, as there was here. *Smith v. State*, 222 Ga. App. 887 (1) (476 SE2d 653) (1996).

2. Smith contends that the trial court erred in admitting evidence of the January incident, which resulted in a misdemeanor guilty plea to simple battery, in the trial of the felony aggravated assault incident in March, because the two incidents were not sufficiently similar under the third prong of *Williams v. State*, 261 Ga. 640, 643 (2) (d) (409 SE2d 649) (1991).

Pursuant to the State's notice of intention to introduce the prior act, the court conducted the hearing and made the findings required by *Williams*, supra, concluding, as do we, that the similarities were sufficient for introduction into evidence for purposes of proving Smith's course of conduct and bent of mind. Both incidents involved physical assaults upon his wife's head after arguments, both resulted in serious injuries to her, both were followed by his leaving the location of the incident, and his establishment of another explanation for her injuries that negated his responsibility.

> "The rule allowing the admission of similar transaction evidence is usually applied more liberally with evidence of prior attempts by the accused to commit the same crime upon the victim of the offense for which he stands charged. Certain otherwise inexplicable assaults, such as occur in a series of incidents of wife or child abuse, particularly lend themselves

to this exception to the 'other offenses' rule on questions of both identity and motive." (Citations and punctuation omitted.) *Parcell v. State*, 198 Ga. App. 439 (1) (401 SE2d 628) (1991). The evidence was properly admitted.

*Herring v. State*, 224 Ga. App. 809, 814 (4) (481 SE2d 842) (1997). See also *Smith v. State*, 232 Ga. App. 290, 294-295 (1) (501 SE2d 523) (1998).

The fact that the prior offense was a misdemeanor and the one on trial is a felony is not an obstacle to its use for this purpose. See *Rodriguez v. State*, 211 Ga. App. 256, 258 (4) (439 SE2d 510) (1993).

There was no abuse of discretion in admitting this prior act.

3. Smith's third enumeration is that the trial court erred in not giving, without a request to charge, a charge on the defense of accident, based on *Metts v. State*, 210 Ga. App. 197, 198 (435 SE2d 525) (1993). As reflected therein, when the defendant's *sole* defense is accident,[2] it is error to fail to give appropriate instructions on it, even without request.

A review of the evidence here, however, reveals that Smith's own version of the incident belies the accident defense. He told Detective McClenton that Ms. Smith assaulted him with the hammer first, they wrestled, and then "*I made the hammer go back and strike her*, trying to take it." (Emphasis supplied.) Smith testified at trial that he refused to leave the apartment because he had nowhere else to go. As he was trying to push past Ms. Smith to go to the bedroom, she started hitting him with the hammer, they wrestled, and "[s]he got popped in the head with the hammer."

Therefore, the defense of accident was not Smith's sole defense since he acknowledged intending to strike her and failure to give such a charge without request was not error. See *Virgil v. State*, 227 Ga. App. 96, 98 (2) (488 SE2d 694) (1997).

4. Finally, Smith contends that his trial counsel was ineffective and seeks a new trial on that basis.

The sole basis argued here for this claim is that trial counsel failed to request a charge on Smith's sole defense of accident, which was not error, as held in Division 3. Further, this argument was not presented to the trial court during Smith's motion for new trial hearing, only that a request for instruction on lesser included charge to aggravated assault should have been made. Therefore, there is nothing for us to review in this regard.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

---

[2] Defined by OCGA § 16-2-2 as a defense when it is shown that "there was no criminal scheme or undertaking, intention, or criminal negligence."

DECIDED APRIL 30, 1999 —

*Joseph Wiley, Jr., LaRae A. Dixon*, for appellant.
*J. Gray Conger, District Attorney, Melvin E. Hyde, Jr., Assistant District Attorney*, for appellee.