A05A0560. PAYNE v. THE STATE.
(615 SE2d 564)

BERNES, Judge.

Frederick Donald Payne, Jr. appeals his convictions of aggravated battery and simple battery. Payne contends the trial court erred in denying his motion for new trial on the ground of ineffective assistance of counsel and challenges the sufficiency of the evidence with respect to the aggravated battery charge. He also contends the trial court erred in several of its rulings excluding evidence, in refusing to charge the jury on the defense of accident, and in requiring him to submit to drug and alcohol screenings as a condition of probation. We find Payne's enumerations of error to be without merit and affirm.

1. "When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to

the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

Viewed in the light most favorable to the jury's verdict, the evidence shows that on the afternoon of January 20, 2003, Payne threw a cup of hot bleach on victim Roger Cantrell and then repeatedly punched Cantrell about the face. The bleach burned and discolored Cantrell's face and severely damaged his left eye.

At the time of the incident, both Payne and Cantrell were inmates at the Hall County Correctional Institute. Earlier that morning, Payne and Cantrell had gotten into an argument over a newspaper. Later that afternoon, Cantrell left the B-block area to visit with his wife. Payne lay in wait for Cantrell, crouching down just inside the cell block door. When the door was unlocked for Cantrell's return, Payne sprang out the door and attacked Cantrell. He threw the cup of hot bleach on Cantrell and struck Cantrell about the face.

As Cantrell tried to remove the liquid from his face, his skin rubbed off into his hands. His complexion immediately turned from dark to white and "his skin . . . was hanging off like it was just melting away off of his face." The bleach also landed on a deputy who was escorting Cantrell back to his cell. The bleach burned the deputy's eyes and discolored his uniform. On the day following the incident, Payne apologized to the deputy and explained that he was "trying to get Cantrell."

As a result of the attack, Cantrell suffered third degree burns; his skin was ulcerated and the cornea of his left eye was permanently scarred. The treating physician opined that Cantrell's injuries were consistent with chemical and thermal burns. At the time of trial, a portion of Cantrell's face remained discolored. He continued to have blurry vision, pain, and swelling in his left eye, which required medication.

Any rational trier of fact could have found that Payne maliciously harmed Cantrell by throwing chemicals into Cantrell's left eye, rendering it useless, as alleged in the indictment. See *Jones v. State*, 259 Ga. App. 698, 701-702 (1) (577 SE2d 878) (2003) (affirming aggravated battery conviction where defendant burned victim by pouring boiling water on him); *Scott v. State*, 243 Ga. App. 383, 384-385 (1) (b), (c) (532 SE2d 141) (2000) (affirming aggravated battery conviction where victim sustained third-degree burns requiring hospitalization and skin grafts, and had permanent scarring after the defendant forced victim into scalding hot water); *Taylor v. State*, 178 Ga. App. 817 (1) (344 SE2d 748) (1986) (affirming aggravated battery conviction where victim continued to have blurry vision as a

result of the defendant's attack and where the jury could reasonably infer malice based on the facts and circumstances surrounding the attack).

2. Payne contends that his trial counsel was ineffective for failing to subpoena as witnesses at trial certain Hall County sheriff's deputies who had participated in an internal investigation into the incident. Payne argues that these officers would have provided testimony impeaching the State's witnesses.

> To establish a claim of ineffective assistance of counsel, [Payne] must show both that his trial counsel's performance was deficient and that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. To succeed in his claim, [Payne] must overcome the strong presumption that his counsel's performance fell within the broad range of reasonable professional conduct and that his counsel's decisions were made in the exercise of reasonable professional judgment.

(Citations omitted.) *Glass v. State*, 255 Ga. App. 390, 400-401 (10) (565 SE2d 500) (2002).

"Decisions regarding which defense witnesses to call are matters of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel." (Citation and punctuation omitted.) *Rogers v. State*, 253 Ga. App. 675, 677 (3) (560 SE2d 286) (2002). See also *McClarity v. State*, 234 Ga. App. 348, 350-351 (3) (506 SE2d 392) (1998). Since Payne's trial counsel did not testify at the motion for new trial hearing, we must presume that trial counsel's failure to call the deputies was a matter of trial strategy. Moreover, since none of the potential witnesses testified at the hearing, Payne has not shown that their testimony would have created a reasonable probability of a different outcome at trial. *Howren v. State*, 271 Ga. App. 55, 59 (5) (b) (608 SE2d 653) (2004); *Glass*, supra at 402 (10) (c). Thus, Payne has failed to meet his burden of proving both deficient performance and prejudice. His ineffective assistance of counsel claim is consequently without merit.

3. Payne contends the trial court erred in granting the State's motion in limine which sought to exclude evidence relating to the results of the sheriff's internal investigation into the incident. A review of the record reveals that trial counsel acquiesced to the trial court's ruling excluding the challenged evidence.

> No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the

holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further.

*Bixby v. State*, 254 Ga. App. 212, 212-213 (1) (561 SE2d 870) (2002).

4. Payne also claims that the trial court erred in admitting hearsay testimony from the physician who treated Cantrell. The physician testified that he received a report that a "mixture of hot Magic Shave, bleach, and baby oil" had been thrown into Cantrell's face. OCGA § 24-3-4 provides: "Statements made for purposes of medical diagnosis or treatment and describing . . . symptoms, pain, or sensations, or . . . general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence." See, e.g., *Pirkle v. Hawley*, 199 Ga. App. 371, 377 (8) (405 SE2d 71) (1991); *Dunn v. McIntyre*, 146 Ga. App. 362, 363 (2) (246 SE2d 398) (1978). As the challenged statement related to the cause of Cantrell's injuries and was made for the purpose of Cantrell's diagnosis and treatment, the trial court did not err in admitting the challenged testimony.

5. Payne contends that the trial court erred in excluding Defendant's Exhibit 4, a certified record of a prior conviction for obstruction and giving false information. At trial, Payne tendered certified copies of six prior convictions to impeach Cantrell. Cantrell admitted to being the person named in five of the six convictions, but denied that he was the "Roger Cantrell" named in Defendant's Exhibit 4.

Cantrell further testified that the signature on the certified record presented in Defendant's Exhibit 4 was not his signature. Cantrell opined that the person named in the record of conviction was his cousin who was also named "Roger Cantrell." Cantrell explained that he and his cousin were only a few months apart and that his cousin also had a criminal record. Cantrell testified unequivocally that he was never indicted, tried, convicted, or sentenced for the offenses charged in Defendant's Exhibit 4. Payne offered no further proof that the person named in the exhibit was in fact the witness.

While proper proof that a witness has been convicted of a crime involving moral turpitude may be considered in determining his credibility, and while identity of names is presumptive evidence of identity of persons, this presumption is not conclusive; and where, as here, a certified copy of an indictment, verdict of guilty, and sentence of the court in a case involving moral turpitude, which contained the same name as that of the witness sought to be impeached, is offered for the purpose of impeaching the witness, and the

> witness testifies positively and unequivocally under oath that he was never indicted, tried, convicted, or sentenced for the offense therein charged in the county from which the certified record comes, the presumption arising solely from the identity of names is overcome, and the burden is shifted to the one offering the record to show that the person therein named and the witness sought to be impeached is one and the same person before such certified record would be admissible.

(Citations omitted.) *Robinson v. State*, 209 Ga. 650, 651 (4) (75 SE2d 9) (1953).

In the instant case, once Cantrell denied being the person named in Defendant's Exhibit 4, the burden shifted to Payne to establish that Cantrell was in fact the individual named in the exhibit. Since Payne did not offer any evidence to meet his burden, the trial court properly excluded the proffered evidence.

6. Payne claims that the trial court erred in failing to allow him to testify that another inmate warned him of a possible attack by Cantrell. When Payne attempted to present this testimony, the State objected on the basis of hearsay. The trial court sustained the State's objection, and directed that the testimony be stricken. Payne's counsel neither responded to the objection nor argued for admission of the challenged testimony. Trial counsel's acquiescence to the trial court's ruling waived this claim of error. *Griffin v. State*, 241 Ga. App. 783, 786 (5) (527 SE2d 577) (1999).

Moreover, Payne and his cellmates testified that Cantrell had threatened to beat them on the morning of the incident. Since other evidence of Cantrell's alleged threat against Payne was introduced, error, if any, in the exclusion of the challenged evidence was harmless. *Marshall v. State*, 275 Ga. 740, 743 (5) (571 SE2d 761) (2002) (where the stricken evidence was cumulative of other testimony admitted at the trial, its exclusion was harmless).

7. Payne next contends that the trial court erred in denying his request to charge the jury on accident. The trial court charged the jury on justification but denied the accident charge on the ground that accident and justification were mutually exclusive claims, both of which could not be supported under the facts of this case. The trial court was correct.

"Generally, either accident or self defense will be involved in a case, but not both. This is because they are for the most part mutually exclusive, in that self-defense involves an intentional act and accident does not." (Punctuation and footnotes omitted.) *Kilpatrick v. State*, 252 Ga. App. 900, 903 (2) (557 SE2d 460) (2001). A charge on both accident and self-defense is authorized only in a rare case where the evidence shows that while the defendant was intentionally

defending against the victim's attack, his weapon *accidentally* discharged. Id., citing to *Koritta v. State*, 263 Ga. 703 (438 SE2d 68) (1994).

The State's evidence indicated that Payne was the aggressor in the attack and that he intentionally threw the cup of liquid into Cantrell's face. Payne contended that Cantrell initiated the attack by hitting him in the chest and that he defended himself by knocking the cup out of Cantrell's hand and by striking Cantrell. Payne admitted that he *intentionally* knocked the cup out of Cantrell's hand. Accordingly, the trial court did not err in refusing Payne's request to charge accident. See *Smith v. State*, 237 Ga. App. 852, 854 (3) (521 SE2d 7) (1999).

8. The trial court sentenced Payne to a term of years to be followed by a period of probation and required as a special condition of probation that Payne submit to alcohol and drug evaluation, screening and treatment as indicated by the evaluation. Payne contends the trial court erred in imposing this special condition because there was no evidence that alcohol or drugs were involved in the commission of offenses for which he was convicted.

However,

> [a] trial court certainly has broad discretion to determine the terms and conditions of probation. *In the absence of express authority to the contrary*, we see no logical reason why any reasonable condition imposed for *probation* or suspension of a sentence by a trial court should not be approved. . . . Whether . . . the condition of probation amounts to an abuse of discretion depends upon whether it is related to a legitimate purpose underlying the criminal justice system . . . or whether defendant's loss of rights relates in a rational way to the purpose underlying the sentencing objective, to prevent his involvement in criminal activity by monitoring his conduct while he serves the probationary part of his sentence.

(Citations and punctuation omitted; emphasis in original.) *Tuttle v. State*, 215 Ga. App. 396, 397 (2) (450 SE2d 863) (1994).

We find that the challenged condition seeks to prevent excessive and unlawful drug and alcohol use by Payne during the period of probation, and as such is reasonably related to the appropriate sentencing objective of preventing Payne's involvement in criminal activity during the probationary period. See *Adams v. State*, 234 Ga. App. 696, 697 (3) (507 SE2d 538) (1998) (upholding imposition of alcohol and drug screening and treatment as condition of probation in

theft by taking case). The trial court did not abuse its discretion in imposing the challenged condition of probation.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED MAY 31, 2005.

*Leo E. Benton, Jr.,* for appellant.
*Jason J. Deal, District Attorney,* for appellee.