## S06A1718. COMPTON v. THE STATE.

(635 SE2d 766)

THOMPSON, Justice.

Larry Compton was convicted by a jury of murder and other crimes stemming from the shooting death of Jerry Heard.[1] On appeal, Compton argues that the trial court erred in dismissing a juror during deliberations without good cause. We affirm.

Viewed in favor of the verdict, the evidence shows that Compton allowed his friend, Octavia Dobbs, to occupy a portion of a duplex apartment he owned on Smith Street. The victim, Jerry Heard, wanted a relationship with Dobbs, but when she refused his advances he "tormented" her and threatened her. Dobbs told Compton about the problem. That evening, Heard showed up at the residence and began banging on Dobbs' door; she refused to let him in. After midnight, Dobbs heard gunshots in the backyard. Compton came to Dobbs' apartment and told her he just shot someone in the backyard and to clear everyone out of her apartment. Dobbs heard Heard calling her name, "like someone crazy." She thanked Compton because she was pleased to be rid of Heard.

Another witness heard a series of gunshots and then someone being beaten. She was familiar with Heard and recognized his voice as he hollered, "You stomping me. I've been shot. You already done shot me." The witness saw Compton emerge from behind his residence with a gun in his hand. He held the gun to the head of the witness, but then instructed her to leave the area. A bystander recognized Compton's silhouette in the dark standing at the open trunk of a vehicle.

The next day, Heard was found dead in a trash heap in an alley on Springside Drive in Atlanta. Death was caused by two fatal gunshot wounds to the neck and chest; there was also blunt force trauma to the head. Evidence at the scene suggested that Heard had been shot at another location and moved.

1. The evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to permit

---

[1] The shooting occurred on July 21, 2002. A six-count indictment was returned on February 18, 2003, charging Compton with malice murder; felony murder while in commission of an aggravated assault; aggravated assault with a deadly weapon; aggravated assault by striking with hands; possession of a firearm during the commission of a felony; and possession of a firearm by a convicted felon. Trial commenced on June 8, 2004, and on June 18, 2004, a jury found Compton guilty of all offenses except aggravated assault by striking the victim with his hands, and firearm possession by a convicted felon which was dead-docketed. Compton was sentenced on the same day to life imprisonment for murder plus five consecutive years for the remaining weapon possession offense. A motion for new trial was filed on July 7, 2004, amended on March 8, 2005, and denied on April 26, 2005. A timely notice of appeal was filed. The case was docketed in this Court on June 15, 2006, and was submitted for a decision on briefs on August 7, 2006.

a rational trier of fact to find Compton guilty beyond a reasonable doubt of murder and possession of a weapon during the commission of a felony.

2. Two days after the case was submitted to the jury, a juror communicated to the court that she could not continue with the deliberations because she claimed that she was unable to come to a decision. When questioned by the trial court, the juror was unable to offer a reason for her position, but she stated that she had not been threatened in any way and that she was not the sole juror to hold a given position on the case. The trial court then dismissed the juror for cause and replaced her with an alternate. Compton voiced no objection to the dismissal.

"No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. He must stand his ground. Acquiescence deprives him of the right to complain further." *Payne v. State*, 273 Ga. App. 483, 485-486 (615 SE2d 564) (2005). Accordingly, the issue is waived for appeal. See generally *Speed v. State*, 270 Ga. 688 (2) (512 SE2d 896) (1999); *Munn v. State*, 263 Ga. App. 821 (3) (589 SE2d 596) (2003); *Carradine v. State*, 234 Ga. App. 330 (506 SE2d 688) (1998).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2006.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.