## S13A0273. BRUNSON v. THE STATE.
### (744 SE2d 695)

HUNSTEIN, Chief Justice.

Joseph Brunson was convicted of felony murder in connection with the shooting death of Derek Milton in Savannah.[1] The trial court gave jury instructions on accident and voluntary manslaughter, but refused to give a requested charge on self-defense. Because the evidence did not support the giving of the charge, the trial court did not err in denying Brunson's request for a jury instruction on self-defense. Therefore, we affirm.

1. The evidence presented at trial shows that an intoxicated Brunson attempted to enter a Savannah nightclub with a pint bottle of gin on the morning of Saturday, January 10, 2009. Milton, who worked at the nightclub, searched Brunson and denied him entry because the club did not allow outside liquor. Brunson begged to be let in and, when told to leave, became belligerent, telling Milton, "Okay, I got you. I'll be back." Approximately 15 to 30 minutes later, Earl Davis, another employee, and Leon Smalls, a patron, were inside the club talking when they heard a commotion outside and someone saying, "no, no, no, man, no, no." Running out the front door, they saw Brunson straddled on a bicycle at the street corner and holding a small black revolver in his hand. Milton rushed at Brunson and grabbed him by the arm or wrist, and they fell over the bicycle. They got back up and started tussling, arguing, and struggling, backing up to the side door of the building. When Brunson's arm got free, he stepped back and shot Milton. As Milton was falling, he grabbed Brunson in a bear hug. When Davis pulled Milton off Brunson, Brunson got up, said he "didn't shoot anyone," and threw down his gun. Davis and Smalls stopped him from running away and held him down until police arrived a minute or two later. A recording of the 911 call shows that Smalls called at 1:47 a.m. to report a person with a pistol. He told the operator that nobody had been shot yet and then asked the operator if she heard "that." She responded that she had

---

[1] The shooting occurred on January 10, 2009. Brunson was indicted in Chatham County on April 8, 2009 for malice murder, felony murder, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On March 31, 2011, the jury found him guilty of felony murder and possession of a firearm during the commission of a felony, and the trial court sentenced him to life imprisonment on the felony murder count and a five-year consecutive term of imprisonment on the firearm possession count; the jury found him not guilty of malice murder and the remaining firearm possession count was nolle prossed. Brunson filed a motion for new trial on April 5, 2011, which he amended on January 20, 2012 and January 30, 2012. The trial court denied the motion on March 23, 2012, and Brunson filed a notice of appeal on March 29, 2012. The case was docketed for the Court's January 2013 term and submitted for decision on the briefs.

and testified at trial that she had heard a single gunshot. Police found the revolver on the sidewalk several feet from the victim; it had been fired once. The firearm examiner testified that the bullet recovered from Milton's body had been fired from the revolver. Both Davis and Smalls testified that they did not see Milton carrying a gun that night. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Brunson guilty beyond a reasonable doubt of the crimes of which he was convicted. See *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Brunson contends that the trial court should have instructed the jury on the affirmative defense of self-defense. To authorize a jury instruction, there need only be slight evidence supporting the theory of the charge at trial. *McNeal v. State*, 289 Ga. 711 (4) (715 SE2d 95) (2011). Our statute on the use of force in defense of self provides that a person "is justified in using force which is intended or likely to cause death or great bodily harm only if he or she reasonably believes that such force is necessary to prevent death or great bodily injury to himself or herself or a third person." OCGA § 16-3-21 (a). A person is not justified in using force when he is the aggressor or provokes the use of force against himself. See OCGA § 16-3-21 (b); *Alexis v. State*, 273 Ga. 423 (4) (541 SE2d 636) (2001) (defendant cannot claim self-defense when he created the situation making it necessary for the victim to defend herself).

In this case, Brunson did not testify, his custodial statement was not admitted into evidence, and the only evidence of his version of events was his statement that he "didn't shoot anyone," which is inconsistent with a justification defense. Cf. *Edmonds v. State*, 275 Ga. 450 (4) (569 SE2d 530) (2002) (defendant presented his justification defense through his custodial statement and testimony that the victims attacked him and he feared for his life). As evidence that he acted in self-defense, Brunson cites testimony that one witness heard three gunshots as she was attempting to leave the nightclub and that Milton often carried a semi-automatic handgun to work, he was wearing an empty holster when he was shot, and he initiated the fight by rushing at Brunson. Yet, the record shows that Milton moved toward Brunson only because Brunson had threatened Milton with a revolver. Both eyewitnesses testified that Milton grabbed the arm of the hand holding the gun and pointed it away from anyone. No witness testified that Milton had a gun, and police found no other weapon, shell casings, or bullet holes at the crime scene. The fact that Milton was a large man is insufficient to support a finding that Brunson had a reasonable belief that he had to shoot Milton to avoid death or great bodily injury to himself. Therefore, we conclude that

the trial court did not err in determining that the evidence did not warrant the giving of a self-defense charge. See *Hunter v. State*, 281 Ga. 693 (2) (642 SE2d 668) (2007) (no self-defense charge warranted when defendant does not testify and there is no evidence that defendant had to shoot victim to avoid death or great bodily injury); *Kilpatrick v. State*, 252 Ga. App. 900 (2) (557 SE2d 460) (2001) (no self-defense charge required when victim attempted to disarm defendant, defendant resisted, and unarmed victim was shot during the struggle).

3. Brunson also contends that the trial court violated his due process right to a fair and impartial judge based on the trial court's comments during the charge conference, refusal to give a self-defense instruction, and reluctance to give an accident instruction. Judges "have an ethical duty to disqualify themselves from any matter in which they have a personal bias or prejudice concerning a party or an attorney appearing before them." *Johnson v. State*, 278 Ga. 344, 347-348 (3) (602 SE2d 623) (2004); see also Uniform Superior Court Rule 25.1 (setting out procedural requirements for filing motions to recuse or disqualify a judge). Moreover, a trial judge in a criminal case may not express an opinion to the jury on what has been proved or the guilt of the accused. See OCGA § 17-8-57; see also *Johnson v. State*, 246 Ga. 126 (5) (269 SE2d 18) (1980) (a judge's remarks explaining a reason for his ruling are not an expression of an opinion or a comment on the evidence). Assuming that Brunson has properly raised this issue, we find no merit to his contention of unfairness or lack of impartiality based on the trial court's comments outside the presence of the jury or its decision that the evidence presented at trial did not support the giving of a charge on self-defense.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 17, 2013.

*Amy L. Ihrig*, for appellant.

*Larry Chisolm, District Attorney, David E. Perry, Frank M. Pennington II, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, David A. Zisook, Assistant Attorney General*, for appellee.