**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 3, 2014**

# In the Court of Appeals of Georgia

A13A2417. DUNN v. THE STATE.

MCFADDEN, Judge.

After a non-jury trial, Charles Dunn was convicted of battery under the family violence act, and the trial court imposed a sentence of 12 months probation. Dunn appeals, enumerating that the trial court was biased against him, improperly curtailed his right to cross-examine witnesses, and erroneously questioned witnesses. However, Dunn failed to preserve any of these issues for appellate review, and even if he had, he has failed to show reversible error. Accordingly, we affirm.

1. *Judicial bias.*

Dunn claims that the trial judge was not impartial based on two comments he made before the trial, one a reference to a prior case in which the judge had found Dunn guilty of an offense and the other a statement that during a bench trial the judge

would "hear the evidence and give it my best shot." However, Dunn never objected to the comments or moved for recusal, and by failing to do so he "waived any objection to the judge's presiding in this case. [Cit.]" *Parker v. State*, 226 Ga. App. 462, 466 (8) (b) (486 SE2d 687) (1997). See *Lacy v. Lacy*, 320 Ga. App. 739, 744 (4) (740 SE2d 695) (2013) (issues regarding trial court's alleged bias not preserved for appellate review where there was no motion for recusal or mistrial on those grounds). Moreover, even if Dunn had timely raised the issue of bias, it provides no grounds for reversal. It is clear from a review of the transcript that after Dunn had indicated a desire to proceed pro se with a bench trial, the trial court's comments were merely part of its attempt to ensure that he understood his rights and the risks of proceeding in a bench trial without an attorney. Thus, "we find no merit to [Dunn's] contention of unfairness or lack of impartiality based on the trial court's comments." *Brunson v. State*, 293 Ga. 226, 228 (3) (744 SE2d 695) (2013).

2. *Cross-examination*.

Dunn argues that the trial court improperly curtailed his right to cross-examine the state's witnesses by not giving him an opportunity to do so until after all four of the witnesses had testified on direct examination. The transcript of the bench trial shows that the four state witnesses did testify consecutively without any cross-

2

examination by Dunn, but also without any objection from Dunn as to the procedure. After the state rested, the trial court stated, "Okay, Mr. Dunn, you have the right to ask questions of the State's witnesses if you want to do so. Do you have any questions you want to ask anybody?" Dunn declined, stating, "No, I have a statement I'd like to make." The trial court told Dunn that he did not have to ask questions of the witnesses, but reiterated that "this will be your chance to do that if you want[] to." Dunn again responded that he only wanted to make a statement. Thereafter, Dunn testified, denying that he had put his hands on the victim and claiming that she had slipped and fallen.

While the procedure was certainly unusual and not one that we encourage, we note that this was a bench trial at which the court has broader discretion and "certain evidentiary allowances [can be] made that differ from a jury trial." *Graves v. State*, 227 Ga. App. 628, 630 (490 SE2d 111) (1997), reversed on other grounds, 269 Ga. 772 (504 SE2d 679) (1998). Further, a trial court has the authority to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to: (1) Make the interrogation and presentation effective for the ascertainment of the truth; (2) Avoid needless consumption of time; and (3) Protect witnesses from harassment or undue embarrassment." OCGA § 24-6-611 (a).

3

Nevertheless, we need not determine whether the procedure was improper because Dunn acquiesced in it by failing to object and by expressly stating that he did not want to cross-examine any of the witnesses. Thus, even assuming error, "this enumeration of error is waived on appeal because appellant acquiesced in the procedure [used] by the court." *Wilkins v. State*, 291 Ga. 483, 488 (8) (731 SE2d 346) (2012) (citation omitted). See also *Compton v. State*, 281 Ga. 45 (2) (635 SE2d 766) (2006) (defendant may not submit to court's ruling or acquiesce in holding and then complain of same on appeal).

3. *Trial court questioning witnesses*.

Dunn contends that the trial court erred in questioning witnesses after the state had finished questioning them. However, "[b]ecause [Dunn] raised no objection to the questioning, he waived his right to assert the issue on appeal. Even if [Dunn] had objected, we find that no error occurred here because the transcript establishes that the trial court merely sought to clarify [the witnesses'] testimony. The trial court may propound questions to any witness to develop the truth of the case." *Craft v. State*, 274 Ga. App. 410, 414 (3) (618 SE2d 104) (2005) (citations omitted).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*

4