In the Supreme Court of Georgia

Decided: October 6, 2014

S14A0663. COMPTON v. JACKSON.

HUNSTEIN, Justice.

We granted Appellant Larry Compton's application for a certificate of probable cause to examine whether the habeas court erred in rejecting Compton's claim of ineffective assistance of trial counsel. Finding no error, we affirm.

Compton was convicted of murder and related offenses, and the trial court sentenced him to life imprisonment plus five consecutive years. This Court affirmed his convictions and sentences on appeal. Compton v. State, 281 Ga. 45 (635 SE2d 766) (2006). In 2007, Compton, proceeding pro se, filed a petition for habeas corpus, which he later amended in 2012 through counsel, arguing that he received ineffective assistance of counsel because (1) trial counsel did not object to the excusal of a juror who was voting to acquit Compton; and (2) trial counsel allowed the trial court to consult two different

jurors outside his presence and the presence of his counsel. After an evidentiary hearing, at which Compton testified and also presented the affidavit of his trial counsel, the habeas court denied his petition. We subsequently granted Compton's application for a certificate of probable cause and directed the parties to address the following question:

> Did the habeas court err in rejecting petitioner's claim that trial counsel was constitutionally ineffective for failing to object to the court excusing a juror based on a conversation that occurred outside the presence of petitioner or counsel where the record reflects that the juror was released due to her inability to reach a verdict either way?

The record reflects that on the third day of jury deliberations, Juror White and the trial judge, Gail Tusan, met in chambers without Compton or any counsel present. During this initial discussion, Juror White expressed to the judge that she was not able to continue with deliberations. This discussion was not recorded. Approximately 25 minutes later, the judge held another conference with Juror White in chambers, without Compton or any counsel present, and this time the discussion was transcribed in order to "create a record." The transcript from this subsequent discussion shows that Juror White expressed to the judge that she could not carry out her oath or duties as a juror

and she could not "hang in there and finish [her] part of the process" because she could not "do it anymore." Upon further questioning by the judge, Juror White explained that she could not "come to a decision" and she had been "having a hard time." Juror White stated, "I can't sit here today and tell them guilty on this charge or not guilty or just innocent. I can't." Based on this, the judge told Juror White that she would excuse her and call in an alternate juror.

Judge Tusan returned to courtroom and informed the jury, as well as counsel and Compton, that based on her conversation with one of the jurors, she had excused the juror and seated an alternate. She told the jury that they needed to begin their deliberations anew and gave them further instructions. The judge did not read the transcript from the in-chambers discussion with Juror White in open court. Neither Compton's counsel nor the State objected to the in-chambers discussion or to Juror White's dismissal.[1]

In denying Compton's habeas petition on his claim for ineffective assistance of counsel, the court found that Compton failed to show the requisite

---

[1]On direct appeal, Compton argued that the trial court erred in dismissing Juror White. We held that Compton had waived this argument on appeal because "[n]o matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal." Compton, 281 Ga. at 46 (citation and punctuation omitted).

3

prejudice with regard to his counsel's failure to object to the in-chambers discussion and that the in-chambers discussion was merely limited to whether Juror White could follow the trial court's instructions. With regard to Compton's claim that counsel was ineffective for failing to object to the excusal of Juror White, the court found that counsel did not act unreasonably by failing to make a meritless objection because excusing and substituting a juror are strictly within the sound discretion of the trial court, and Compton did not show the requisite prejudice.

"In reviewing the grant or denial of a petition for habeas corpus, this Court accepts the habeas court's factual findings and credibility determinations unless they are clearly erroneous, but we independently apply the law to the facts." Henderson v. Hames, 287 Ga. 534, 536 (2) (697 SE2d 798) (2010). To establish ineffective assistance of counsel, a habeas petitioner must show that his trial counsel's performance was professionally deficient and that but for such deficient performance there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984); see also Reid v. State, 286 Ga. 484 (3) (c) (690 SE2d 177) (2010) (prejudice is not presumed where a structural error is

4

raised in the context of an ineffective assistance of counsel claim); Brooks v. State, 281 Ga. 14 (3) (635 SE2d 723) (2006) (setting out standard for claim of ineffective assistance of counsel for failure to object to trial court's decision to replace a juror). "In reviewing the habeas court's order, this Court is not required to address the two elements in any particular order 'or even to address both components if the defendant has made an insufficient showing on one.'" Walker v. Houston, 277 Ga. 470, 470 (1) (588 SE2d 715) (2003).

Turning first to the prejudice prong, Compton must show that there is a reasonable probability that the outcome of trial would have been more favorable if counsel had objected to either his absence during the in-chambers discussion with Juror White or to the court's dismissal of Juror White. Compton argues that he has shown actual prejudice because Juror White indicated that she was voting not to convict. He contends further that without his attorney's errors, he would have been present at the discussion with Juror White, objected to the judge's dismissal of her, and requested that she be re-charged on the burden of proof and reasonable doubt and given further instructions to continue deliberations.

The record does not support Compton's contention that Juror White would

not have voted to convict; instead, she could not reach a verdict either way. She explained to the judge, "It's like I can't say guilty. I can't say not guilty. It's like I'm just – and it doesn't make sense to me because it's like – it seems like it's one way or the other way." She informed the judge that she could not continue with the deliberation process and could not reach a decision. Moreover, although without counsel's alleged errors, Compton may have objected and requested that Juror White remain on the jury for further deliberations, the trial judge would still have had the discretion to remove Juror White and replace her with an alternate based on the judge's findings that Juror White could no longer fulfill her duties as a juror. Smith v. State, 284 Ga. 17, 22 (4) (663 SE2d 142) (2008) ("A trial court is statutorily vested [pursuant to OCGA § 15-12-172] with the discretion to discharge a juror and seat an alternate juror at any time during the proceedings, as long as the trial court has a sound legal basis to do so."). We find no abuse of discretion here in dismissing Juror White. Finally, even if the judge had required Juror White to remain on the jury, there is not a reasonable probability that the result of the trial would have been different; Juror White may have voted to convict Compton. Having found that Compton has failed to show actual prejudice, we need not assess whether counsel performed

6

deficiently.  See <u>Walker</u>, 277 Ga. at 470.  Accordingly, the habeas court did not err in rejecting petitioner's claim that trial counsel was constitutionally ineffective.

Affirmed.  All the Justices concur.