303 Ga. 788
FINAL COPY

S18A0799. GARNER v. THE STATE.

BOGGS, Justice.

Appellant Stevie Lamar Garner was tried before a jury and found guilty of murder, felony murder, aggravated assault, aggravated battery, and other crimes in the shooting death of Patrick Marcus Edwin Wall.[1] Garner now appeals, asserting that the trial court erred in refusing to instruct the jury on self-defense. We disagree and affirm.

1. Construed in the light most favorable to the verdict, the evidence showed that Garner and the victim had mutual friends and on occasion the

---

[1] The crimes were committed on March 14, 2015. On May 29, 2015, a Floyd County grand jury indicted Garner on charges of murder, felony murder, aggravated assault, aggravated battery, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Following an April 18-20, 2016 trial, the jury found him guilty on all counts, and he was sentenced to life in prison without the possibility of parole plus five years. The trial court merged the aggravated assault and aggravated battery counts into malice murder, and noted that the felony murder count was vacated by operation of law. Garner's motion for new trial was filed on July 1, 2016, amended by new counsel on June 20, June 23, and June 28, 2017, and denied on July 17, 2017. Garner's motion for an out-of-time appeal was filed on December 14, 2017, and granted on December 20, 2017. His notice of appeal was filed on December 27, 2017. This case was docketed in this Court for the April 2018 term and submitted for a decision on the briefs.

victim would spend time with those friends at Garner's home. Sometime in February 2015, the victim accused Garner of lacing the victim's "blunt" with methamphetamine. The victim hit Garner with a pistol and took Garner's shotgun. However, he later told his girlfriend that he "felt bad for it" and "wanted to apologize" to Garner. In March 2015, Garner told friends that he was angry with the victim, was "out for blood," and was going to kill the victim. Garner attempted to recruit friends to help "set [the victim] up." On March 14, the victim texted Garner, "I feel bad and want to make it right." The victim told Garner that he would come alone to meet him to apologize as a sign of good faith and asked Garner to come wearing no shirt and with his hands in the air, and that he would do the same. The victim attempted to arrange a meeting at a public place, but Garner assured the victim that nothing would "go down," and asked him to come to his trailer.

When the victim drove up to Garner's trailer, Garner and his girlfriend approached the victim's car. The victim then began to apologize for robbing Garner. As he did so, Garner became angry, pulled a gun from his pants, said "F*** this," and shot the victim while he was still sitting in the car. The victim sped away, but crashed into a building down the road. He died on the scene from

2

a gunshot wound to the chest.

After the shooting, Garner walked around to the back of an outbuilding and reached under it. Police later found a lockbox under the outbuilding next to Garner's trailer that contained the same make and model of gun used to shoot the victim.

Although Garner does not challenge the legal sufficiency of the evidence supporting his convictions, we have reviewed the record in accordance with our usual practice in murder cases and conclude that the evidence presented above was sufficient to authorize a rational trier of fact to find Garner guilty beyond a reasonable doubt of the crimes of which he was convicted. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Garner asserts that the trial court erred in refusing to give a jury instruction on self-defense over his objection. He contends that there was evidence that he shot the victim in self-defense because he reasonably believed that shooting him was necessary to prevent death or injury to himself and his girlfriend. Garner points to evidence that he complied with the victim's request to arrive wearing no shirt, and argues that a reasonable person in his situation would have felt threatened because the victim did not do the same and had

3

previously assaulted him with a gun and robbed him.

"To authorize a requested jury instruction, there need only be slight evidence supporting the theory of the charge. Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citations and punctuation omitted.) Green v. State, 302 Ga. 816, 818 (2) (a) (809 SE2d 738) (2018). OCGA § 16-3-21 (a) provides in part that "[a] person is justified in threatening or using force against another when and to the extent that he or she reasonably believes that such threat or force is necessary to defend himself or herself or a third person against such other's imminent use of unlawful force[.]" However, subsection (b) of that Code section provides in part that "[a] person is *not* justified in using force under the circumstances specified in subsection (a) of this Code section if he . . . [w]as the aggressor[.]" (Emphasis supplied.) OCGA § 16-3-21 (b) (3).

Garner has pointed to no evidence to support a reasonable belief that shooting the victim was necessary to defend himself or his girlfriend from any imminent use of unlawful force. The victim agreed to meet Garner to apologize for hitting him and taking his shotgun weeks earlier. Garner did not testify, and points to no evidence that he was in fear of suffering harm during the encounter

4

with the victim, see Broussard v. State, 276 Ga. 216, 216-217 (2) (576 SE2d 883) (2003), nor was there evidence that the victim was reaching for a weapon.[2] Rather, the evidence showed that Garner was the aggressor. He told others that he was angry with the victim, was "out for blood," and was going to kill the victim, and he attempted to recruit others to help "set him up." When the victim came to meet Garner, Garner became angry while the victim was apologizing and shot him. Here, there was not even slight evidence to support an instruction on self-defense. See Brunson v. State, 293 Ga. 226, 227-228 (2) (744 SE2d 695) (2013). The trial court therefore did not err in refusing to charge on that issue. See id.; see also, e.g., Hicks v. State, 287 Ga. 260, 262-263 (2) (695 SE2d 195) (2010) (court properly refused to give self-defense instruction where "no construction of the evidence would support a finding" that defendant shot victim in defense of another) (citation and punctuation omitted).

Judgment affirmed. All the Justices concur.

---

[2] No gun was found in the car. A knife, five to six inches in length including the handle, was found in the car, but it was enclosed in a buttoned sheath in the pocket on the back of the front passenger's seat of the victim's vehicle.

Decided June 4, 2018.

Murder. Floyd Superior Court. Before Judge Niedrach.

Michael W. Tarleton; Jackie L. Tyo, for appellant.

Leigh E. Patterson, District Attorney, Luke A. Martin, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Elizabeth H. Brock, Assistant Attorney General, for appellee.